1 Cal.Rptr.3d 324 (2003)
109 Cal.App.4th 1699
The PEOPLE, Plaintiff and Respondent,
v.
Christopher Lee WALLACE, Defendant and Appellant.
No. B159422.
Court of Appeal, Second District, Division Six.
June 30, 2003.
As Modified on Denial of Rehearing July 28, 2003.
*325 Danalynn Pritz, Westlake Village, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Ana R. Duarte, Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.
PERREN, J.
Christopher Lee Wallace appeals from the judgment entered following his purported nolo contendre plea to a violation of Penal Code section 422.7.[1] Imposition of sentence was suspended, and Wallace was placed on felony probation for three years on conditions including that he serve 60 days in jail. He contends that his conviction and sentence are unlawful because section 422.7 constitutes a penalty provision and not a substantive criminal offense. We agree, although we reject Wallace's argument that his conviction should be reduced to a misdemeanor. Accordingly, we reverse.

FACTS AND PROCEDURAL HISTORY
Because the only issue on appeal is a question of law, we need not recite the facts in detail. Wallace was charged by information with assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)), robbery (§ 211), and battery (§ 242). It was further alleged that the assault was a hate crime within the meaning of section 422.75, and that the assault *326 and robbery were serious felonies (§ 1192.7, subds.(c)(8), (c)(19)). Pursuant to a negotiated disposition, the prosecution orally amended the information to allege a violation of section 422.7. Wallace pleaded nolo contendre to a violation of section 422.7, in exchange for which the remaining counts were dismissed. Wallace did not enter a plea to any other charge.

DISCUSSION
Section 422.7 elevates a crime that would otherwise be punishable as a misdemeanor to a felony if the crime causes physical injury and is committed "for the purpose of intimidating or interfering with [another] person's free exercise or enjoyment of any right ... and because of the ... person's race, color, religion, ancestry, national origin, disability, gender, or sexual orientation."[2] Wallace contends that section 422.7 is merely a penalty provision for which he cannot be punished in the absence of a conviction on a related substantive offense. (See People v. Dennis (1998) 17 Cal.4th 468, 500, 71 Cal.Rptr.2d 680, 950 P.2d 1035; see also People v. Garcia (2002) 28 Cal.4th 1166, 1174, 124 Cal.Rptr.2d 464, 52 P.3d 648.) The People respond that section 422.7 is a substantive offense. The clear language of section 422.7, the legislative scheme, and relevant case law compel us to conclude that section 422.7 is a penalty provision and does not create a substantive offense.
First, we clarify the nomenclature to be used in conducting our analysis. As the People correctly note, section 422.7 is not an "enhancement," which is defined as "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(c).) The California Supreme Court has recognized, however, that statutory provisions which are not "enhancements" in the strict sense are nevertheless "penalty provisions" as opposed to substantive offenses where they are "separate from the underlying offense and do[] not set forth elements of the offense or a greater degree of the offense charged. [Citations.]" (People v. Bright (1996) 12 Cal.4th 652, 661, 49 Cal.Rptr.2d 732, 909 P.2d 1354; see also People v. Wims (1995) 10 Cal.4th 293, 305, 41 Cal.Rptr.2d 241, 895 P.2d 77 [distinguishing statutes that "articulate[] a penalty provision" from those that create "a substantive crime"]; People v. Jenkins (1995) 10 Cal.4th 234, 40 Cal.Rptr.2d 903, 893 P.2d 1224 [concluding that § 667.7, although not an "enhancement," is a penalty provision that does not create a substantive offense]; People v. *327 Garcia (1998) 63 Cal.App.4th 820, 827-828 & fn. 7, 73 Cal.Rptr.2d 893.)
The California Supreme Court has already characterized section 422.7 as a "penalty-enhancement provision." (See In re M.S. (1995) 10 Cal.4th 698, 725, 42 Cal.Rptr.2d 355, 896 P.2d 1365 [referring to § 422.7 as an "enhancement" and providing that the statute "increases punishment for misdemeanors committed because of prohibited bias motivation"]; id., at p. 729, 42 Cal.Rptr.2d 355, 896 P.2d 1365 (cone. opn. of Mosk, J.); id., at pp. 729-730, 42 Cal.Rptr.2d 355, 896 P.2d 1365 (cone. opn. of Kennard, J.) [recognizing that "Penal Code section 422.6 defines a criminal offense" while "Penal Code section 422.7 is a penalty enhancement provision"]; see also Wisconsin v. Mitchell (1993) 508 U.S. 476, 483, 113 S.Ct. 2194, 124 L.Ed.2d 436, fn. 4 [describing § 422.7 as a "penalty-enhancement provision"].) Nothing the California Supreme Court has subsequently said in reference to section 422.7 would lead us to conclude that the court has disapproved of this characterization.
In any event, we conclude that section 422.7 is a penalty provision and not a substantive offense. To reach this conclusion, we first look to the statutory language to determine whether section 422.7 "`focus[es] on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves.' [Citation.]" (People v. Wims, supra, 10 Cal.4th at p. 304, 41 Cal.Rptr.2d 241, 895 P.2d 77; People v. Bright, supra, 12 Cal.4th at p. 667, 49 Cal.Rptr.2d 732, 909 P.2d 1354.) Section 422.7 does not identify any particular substantive crime, but rather elevates from misdemeanors to felonies those crimes that are committed for the purpose of interfering with the victim's civil rights. Because "[t]he distinction between a misdemeanor and a felony is based upon the punishment prescribed" (People v. Stevens (1996) 48 Cal.App.4th 982, 987, 56 Cal.Rptr.2d 13, citing § 17), section 422.7 is plainly a penalty provision.
Section 422.7 also provides that the additional punishment shall only apply under circumstances "which shall be charged in the accusatory pleading." The inclusion of the pleading requirement indicates that the Legislature intended to establish a penalty provision: "[B]y employing the language typically used in sentence enhancements'[t]he fact that the [additional elements]' must be specifically charged ...the Legislature made clear that it sought to establish a penalty provision, rather than a new crime. The inclusion of this typical enhancement language would have been unnecessary had the Legislature intended to create a new crime ..., because a crime must be charged in an accusatory pleading and there would have been no need to specify that the punishment for the crime could be imposed only if the charge was admitted or found true by the trier of fact." (People v. Bright, supra, 12 Cal.4th at p. 669, fn. 12, 49 Cal.Rptr.2d 732, 909 P.2d 1354.)
Construing section 422.7 as a substantive crime would also be contrary to the legislative scheme. "`By interpreting the statute as a penalty provision [as opposed to a substantive offense], prosecutors would be free to charge ... section [422.7] along with the predicate offense needed to satisfy that section without running afoul of the necessarily included offense rule.'" (Robert L. v. Superior Court (2003) 30 Cal.4th 894, 898, 135 Cal.Rptr.2d 30, 69 P.3d 951.) If section 422.7 is a substantive offense, then the triggering offense giving rise to the charge, e.g., battery, would be a *328 necessarily included offense. (See People v. Ortega (1998) 19 Cal.4th 686, 692, 698, 80 Cal.Rptr.2d 489, 968 P.2d 48.) Because multiple convictions cannot be based on necessarily included offenses (id., at p. 692, 80 Cal.Rptr.2d 489, 968 P.2d 48), under the People's theory Wallace could not be convicted of both battery and violating section 422.7. Such a result would conflict with section 422.8, which provides that section 422.7 "shall [not] be construed to prevent or limit the prosecution of any person pursuant to any provision of law."
In asserting that section 422.7 is a substantive crime, the People attempt to analogize the statute to section 666. Aside from the fact that the California Supreme Court has described section 666 as a "sentence-enhancing statute" (People v. Bouzas (1991) 53 Cal.3d 467, 479, 279 Cal.Rptr. 847, 807 P.2d 1076), that section identifies the substantive offensei.e., petty theft that shall be treated as a felony under the circumstances provided in the statute. Section 422.7, by contrast, does not specify any substantive offense, but rather merely provides for increased punishment of a wide range of substantive offenses.
Having concluded that section 422.7 is a penalty provision, we now turn to the question of the appropriate remedy to be applied. Wallace contends that his conviction should be reduced to a misdemeanor violation of section 422.6. The People, by contrast, assert that Wallace's conviction and sentence should be affirmed because his plea was knowing, voluntary and intelligent. Neither position is persuasive. First, Wallace is not entitled to have his conviction reduced to a misdemeanor because his sentence reflects his understanding that he was pleading to a felony. As the People correctly note, to reduce Wallace's sentence under the circumstances would unfairly compromise the negotiated settlement upon which the parties had agreed. {People v. Bean (1989) 213 Cal.App.3d 639, 645, 261 Cal.Rptr. 784.) Second, we cannot affirm a conviction and sentence imposed for a crime that does not exist, notwithstanding the defendant's consent. (See People v. Soriano (1992) 4 Cal.App.4th 781, 785, 6 Cal. Rptr.2d 138 ["where fundamental jurisdiction is lacking, it cannot be conferred by consent or estoppel"].) Because Wallace's plea to a violation of section 422.7 is a legal nullity, the judgment must be reversed.

DISPOSITION
The judgment is reversed. The purported plea is vacated and the dismissed counts are reinstated with the matter remanded for plea or trial, as appropriate.
We concur: GILBERT, P.J., and YEGAN, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise noted.
[2] Section 422.7 provides in full: "Except in the case of a person punished under Section 422.6, any crime which is not made punishable by imprisonment in the state prison shall be punishable by imprisonment in the state prison or in a county jail not to exceed one year, by a fine not to exceed ten thousand dollars ($10,000), or by both that imprisonment and fine, if the crime is committed against the person or property of another for the purpose of intimidating or interfering with that other person's free exercise or enjoyment of any right secured to him or her by the Constitution or laws of this state or by the Constitution or laws of the United States and because of the other person's race, color, religion, ancestry, national origin, disability, gender, or sexual orientation, or because the defendant perceives that the other person has one or more of those characteristics, under any of the following circumstances, which shall be charged in the accusatory pleading: [¶] (a) The crime against the person of another either includes the present ability to commit a violent injury or causes actual physical injury. [H] (b) The crime against property causes damage in excess of five hundred dollars ($500). [H] (c) The person charged with a crime under this section has been convicted previously of a violation of subdivision (a) or (b) of Section 422.6, or has been convicted previously of a conspiracy to commit a crime described in subdivision (a) or (b) of Section 422.6."