[No. C054676. Third Dist. Nov. 17, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH RUSHING, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II and III of the Discussion.

## COUNSEL

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—In an information filed in October 2005, defendant Kenneth Rushing was charged as follows:

*Count I*: Failure to register as a sex offender following a change of address, between March 26, 2005, and July 5, 2005, in violation of Penal Code former section 290, subdivision (a)(1)(A);[1]

*Count II*: Failure to file a change of address between March 26, 2005, and July 5, 2005, in violation of former section 290, subdivision (f)(1);

*Prior Convictions*: It was alleged that defendant had sustained five prior serious or violent felony convictions (strikes);

*Prior Prison Terms*: It was alleged that defendant had served six prior prison terms.

Pursuant to a plea bargain, defendant pled guilty to count I and admitted the five prior strikes and serving two prison terms.

In exchange for defendant's plea, the prosecution agreed to dismiss count II, a felony, and an unrelated misdemeanor charge for driving under the influence.

---

[1] Undesignated statutory references are to the Penal Code.

In connection with the entry of his plea, defendant agreed in writing as follows: "I understand that the maximum term facing me as a result of this plea is 27 yrs to life."

In addition, the oral colloquy between the court and defendant, when defendant entered his plea, includes the following:

"THE COURT: Do you understand that based upon your plea to these charges you have an exposure of twenty-seven years to life [in] state prison.

"DEFENDANT . . . : Yes Sir.

"THE COURT: You understand this court has the discretion under what we call the *Romero* case to strike the strike priors if the Court deemed to be appropriate, but that's not part of the plea-bargain. It could happen, not happen. What you have to understand is that that is your maximum exposure.

"You understand that?

"DEFENDANT . . . : Yes, sir.

"THE COURT: You still want to proceed?

"DEFENDANT . . . : Yes, sir."

Defendant was sentenced to 27 years to life in prison: 25 years to life for failing to register as a sex offender with five prior strike convictions, and a two-year enhancement for serving two prior prison terms. Without obtaining a certificate of probable cause, defendant appeals, contending:

(1) A sentence of 25 years to life violates the cruel and/or unusual punishment prohibitions of the federal and state Constitutions as well as their double jeopardy provisions.

(2) The trial court erred in refusing to strike his prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

In the published portion of this opinion, we conclude that defendant's constitutional contentions are not cognizable on appeal without a certificate of probable cause. In the unpublished portion of the opinion, we conclude

defendant's *Romero* contention is cognizable on appeal, but the trial court did not err in refusing to strike any of defendant's prior convictions.

We shall therefore affirm the judgment.

## DISCUSSION

## I

Defendant contends:

(1) "Notwithstanding His Recidivism, As Applied to Appellant, A Sentence of 25 Years to Life for the Technical Offense of Failing to Register Violates the Ban Against Cruel And/Or Unusual Punishment Under Both the United States and California Constitutions"; and

(2) "Appellant's Constitutional Right Not To Be Placed in Double Jeopardy Was Violated Because His Current Offense Was So Minor That What Amounts to a Life Sentence Results In Twice Being Punished for His Prior Offenses To Aggravate His Sentence Even when His Recidivism is Considered."

The Attorney General contends defendant cannot advance these constitutional claims on appeal without a certificate of probable cause. We agree with the People.

█ "A defendant may not appeal 'from a judgment of conviction upon a plea of guilty of nolo contendere,' unless he has obtained a certificate of probable cause. [Citations.] Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea. [Citations.]" (*People v. Cuevas* (2008) 44 Cal.4th 374, 379 [79 Cal.Rptr.3d 303, 187 P.3d 30] (*Cuevas*).)

This case requires us to consider two recent California Supreme Court decisions construing this rule: *People v. French* (2008) 43 Cal.4th 36 [73 Cal.Rptr.3d 605, 178 P.3d 1100] (*French*), and *Cuevas, supra,* 44 Cal.4th 374.

In *Cuevas,* the defendant was charged with "27 counts of robbery, one count of grand theft, one count of attempted robbery, and two counts of kidnapping for robbery. (§§ 211, 487, subd. (c), 664, 209, subd. (b)(1).)" (*Cuevas, supra,* 44 Cal.4th at p. 377.) There were also 31 firearm use allegations (§ 12022.53, subd. (b)). (*Cuevas, supra,* 44 Cal.4th at p. 377.) On all charges and allegations, Cuevas could have been sentenced to two life sentences plus 37 years. (*Id.* at pp. 382–383.) He negotiated a plea agreement under which the prosecution reduced the kidnapping charges to simple

kidnapping and dismissed the 31 firearm use allegations but added a single allegation of using a deadly or dangerous weapon. (*Id.* at pp. 377–378.)

Under the deal, the maximum sentence was 37 years eight months. (*Cuevas, supra*, 44 Cal.4th at p. 383.) While taking Cuevas's plea, the trial court said to him, " '[Y]our maximum is going to be a determinant sentence of thirty-seven years [*sic*] . . . . Do you understand that?' " (*Ibid.*, italics omitted.) Cuevas answered, "Yes, ma'am." (*Ibid.*) The trial court imposed an aggregate term of 35 years eight months, consisting of the upper term of eight years for one kidnapping count, 27 consecutive one-year terms for the robbery counts, and a consecutive term of eight months for grand theft. (*Ibid.*)

On appeal, at the urging of the appellate court following the filing of a brief under *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], Cuevas argued that his sentence was improper because 15 of the robbery counts and the attempted robbery count arose from eight different occasions in which he robbed (or attempted to rob) both a store and the store employee. (*Cuevas, supra*, 44 Cal.4th at pp. 378–379.) Thus, he argued that sentence should have been stayed under section 654 on eight duplicative counts. (*Id.* at p. 379.) The Supreme Court held that a certificate of probable cause was required for this argument because, as in *People v. Shelton* (2006) 37 Cal.4th 759 [37 Cal.Rptr.3d 354, 125 P.3d 290], the section 654 argument was, in essence, a challenge to the validity of the plea. (*Cuevas, supra*, 44 Cal.4th at pp. 376, 384.)

The Supreme Court ruled, contrary to the Court of Appeal's decision, "the presence or absence of a sentence lid [did] not dictate the result . . . ." (*Cuevas, supra*, 44 Cal.4th at pp. 378, 381.) What was significant to the Supreme Court was that "defendant agreed to a maximum possible sentence of 37 years eight months," he was not "merely *advised* of the maximum sentence." (*Id.* at p. 382.) "In this case, defendant received a significant reduction in sentence, or in the prosecution's words, two 'very large breaks,' in exchange for his plea." (*Id.* at p. 383.) The court thus concluded that "[b]y negotiating the reduction and dismissal of these charges, defendant necessarily understood and agreed that he faced a significantly reduced sentence of 37 years eight months. This maximum sentence was 'part and parcel' of the plea bargain the parties negotiated. [Citations.]" (*Id.* at pp. 383–384.)

■ The foundation of the Supreme Court's decision in *Cuevas* is by now well established: (1) a challenge to the court's authority to impose an agreed upon maximum sentence is a challenge to the validity of the plea requiring a

certificate of probable cause, but (2) a challenge to the trial court's exercise of individualized sentencing discretion within an agreed maximum sentence does not require a certificate of probable cause because it does not challenge the trial court's authority to impose the upper term, i.e., it does not attack the validity of the plea agreement but instead attacks the court's exercise of discretion permitted by the agreement. The Supreme Court's holding, however, is amplified by its prior ruling in *French*, where it explains what it means to challenge a trial court's authority to impose a particular sentence.

In *French, supra*, 43 Cal.4th 36, the defendant faced an aggregate term of 180 years to life in prison. (*Id.* at p. 42.) He negotiated a charge bargain, i.e., he agreed to plead guilty to certain charges in exchange for the dismissal of others but did not negotiate a sentence lid or stipulated term, resulting in a maximum allowable term of 18 years in prison. (*Id.* at p. 42.) Finding true a single aggravating factor, the trial court imposed the maximum term under the plea agreement. (*Id.* at pp. 42–43.)

On appeal, French argued the trial court violated his Sixth Amendment right to counsel in the course of determining the aggravating factor, and thus erred in imposing the maximum allowable term reached in the charge bargain. (*French, supra*, 43 Cal.4th 36, 40.) The People argued French could not raise his claim on appeal because he failed to obtain a certificate of probable cause. (*Id.* at p. 43.) The Supreme Court ultimately ruled as follows:

"A certificate of probable cause is not required in the present case, because defendant's claim does not constitute an attack upon the validity of the plea agreement. In contrast to a case in which the maximum term under the plea agreement would be unlawful under section 654, the Sixth Amendment would not render an upper term unlawful for defendant's crimes under all circumstances. Whether an upper term sentence was permissible for defendant's offenses depended upon whether aggravating factors were established at the sentencing hearing, and not upon the facts of the offenses themselves. Even without a jury trial on aggravating circumstances, the upper term would have been authorized if the prosecution had established an aggravating factor at the sentencing hearing based upon defendant's prior convictions or upon his admissions. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 836–837 [62 Cal.Rptr.3d 588, 161 P.3d 1146] (*Sandoval*).) Defendant's claim is that the upper term was not authorized because the prosecution failed to establish an aggravating circumstance at the sentencing hearing in the manner required by the Sixth Amendment. Such a claim does not affect the validity of the plea agreement.

"Furthermore, we held in *Sandoval, supra*, 41 Cal.4th at pages 845–852, that a defendant who has established prejudicial Sixth Amendment error

under *Cunningham* [*v. California* (2007)] 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856], is entitled to be resentenced under a scheme in which the trial court has full discretion to impose the upper, middle, or lower term, unconstrained by the requirement that the upper term may not be imposed unless an aggravating circumstance is established. Under our holding in *Sandoval*, if a defendant is successful in establishing *Cunningham* error on appeal, the trial court is not precluded from imposing the upper term upon remand for resentencing. The defendant is entitled only to be resentenced under a constitutional scheme and is afforded the opportunity to attempt to persuade the trial court to exercise its discretion to impose a lesser sentence. In contrast to the claims raised in *Panizzon* and *Shelton* ([*People v. ]Panizzon* [(1996)] 13 Cal.4th 68 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; [*People v. ]Shelton, supra*, 37 Cal.4th 759), defendant's claim, if successful, would not deprive the People of the benefit of the plea agreement, because they still would have the opportunity to convince the trial court that the full 18-year term should be imposed. Accordingly, defendant is entitled to have his *Cunningham* claim addressed on appeal. [Fn. omitted.]" (*French, supra*, 43 Cal.4th at pp. 45–46.)

In short, French's legal argument on appeal—that he was denied a jury trial on aggravating factors—was not a challenge to the trial court's authority to impose the maximum allowable term. Consequently, if his claim on appeal succeeded, it did not mean the trial court would be precluded from imposing the maximum sentence when the case was remanded to the trial court. The prosecution would still be able to prove the aggravating factors by appropriate procedures. (*French, supra*, 43 Cal.4th at pp. 45–46.) For that reason, there was no attack on the validity of the plea, and thus, no violation of the plea bargain.

On the other hand, in *Cuevas*, if the defendant's section 654 argument was successful on appeal, the maximum sentence could not be imposed on remand. Accordingly, the section 654 claim was a challenge to the trial court's authority to impose that sentence. Importantly, the Supreme Court also held that a challenge to the court's authority to impose the maximum term reached in a charge bargain was an attack on the validity of the plea, and a certificate of probable cause is required. (*Cuevas, supra*, 44 Cal.4th at pp. 381–382.)

Read together, *Cuevas, supra*, 44 Cal.4th 374, and *French, supra*, 43 Cal.4th 36, make clear that the maximum allowable term reached in a charge bargain, and agreed to by the defendant, is "part and parcel" of the plea agreement. Consequently, a defendant is required to obtain a certificate of probable cause before challenging the trial court's authority to impose the maximum allowable term reached in a charge bargain. And finally, a claim

challenges the trial court's authority if a successful appeal would preclude the trial court from imposing on remand the maximum term reached in the plea bargain.

■ Here, in terms nearly identical to those in *Cuevas*, defendant agreed on the maximum possible term in writing and in open court and acknowledged his exposure. On appeal, he makes two constitutional arguments: (1) the maximum sentence agreed to constitutes cruel and/or unusual punishment, and (2) the maximum sentence agreed to violates the double jeopardy provisions of the federal and state Constitutions. If either argument is successful on appeal, the maximum sentence agreed to could not be imposed—like *Cuevas*.

Defendant argues that *Cuevas* is distinguishable because there the Supreme Court found substantial consideration for the plea bargain in that Cuevas received a "significant reduction" in his potential prison term (*Cuevas, supra*, 44 Cal.4th at p. 383), but here defendant contends he did not.[2] Defendant argues he would have been exposed to the same term had the count II felony not been dismissed because any sentence imposed on that count would have been stayed pursuant to section 654.

We decline defendant's invitation to inject a relativity calculation into evaluating plea bargains. Defendant had a felony charge dismissed that likely would have resulted in a felony conviction. A felony conviction itself is a serious matter. For example, if defendant committed future criminal conduct, the prior felony conviction would be an aggravating reason for imposing the maximum allowable sentence. (See *People v. Black* (2007) 41 Cal.4th 799, 815 [62 Cal.Rptr.3d 569, 161 P.3d 1130] [a single aggravating factor is sufficient to impose the upper term]; Cal. Rules of Court, rule 4.421(b)(2) [numerous prior convictions as aggravating factor].) This is sufficient consideration to enforce the plea bargain and require a certificate of probable cause before defendant disturbs the maximum term to which he agreed.

Because defendant failed to obtain a certificate of probable cause, his constitutional claims are dismissed.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[2] Defendant also argues the unrelated misdemeanor charge was not dismissed as part of his plea bargain, but was merely an afterthought. The record indicates otherwise.

*See footnote, *ante*, page 354.

## DISPOSITION

Defendant's constitutional claims on appeal are dismissed and the judgment is affirmed.

Scotland, P. J., and Robie, J., concurred.

A petition for a rehearing was denied December 17, 2008, and appellant's petition for review by the Supreme Court was denied March 11, 2009, S169396.