Filed 11/26/14  P. v. Azadrad CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOHAMMAD AZADRAD,<br><br>    Defendant and Appellant. | B252219<br><br>(Los Angeles County<br>Super. Ct. Nos. LA069643, LA071619) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Martin Herscovitz, Judge.  Affirmed with corrections.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Mohammad Azadrad (defendant) appeals from an order of revocation of probation and imposition of previously suspended sentences in consolidated cases after pleas of no contest. Defendant contends that his conviction in one of the three counts charged in one case must be reversed due to lack of subject matter jurisdiction in the trial court. Defendant also requests correction of several clerical errors in the abstracts of judgment filed in the consolidated cases. We conclude that the trial court did not lack subject matter jurisdiction and that defendant's challenge to the 2012 conviction is untimely. As defendant does not assign error in the probation revocation proceedings, we affirm the judgment and order appropriate corrections to the abstracts of judgment.

## BACKGROUND

**Los Angeles Superior Court Case No. LA069643 (LA069643)**

In March 2012, defendant was charged with the following felonies: petty theft in violation of Penal Code section 484, subdivision (a),[1] with three prior theft convictions, within the meaning of section 666, subdivision (a) (count 1); petty theft in violation of section 484, subdivision (a), with prior theft convictions and a prior serious or violent felony conviction, within the meaning of section 666, subdivision (b) (count 2); and possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) (count 3). The information further alleged that defendant had suffered a prior serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and that he served a prior prison term within the meaning of 667.5, subdivision (b).

Defendant entered into an agreed upon disposition in which he was to enter an "open plea" to the court in exchange for a four-year suspended prison sentence. On June 14, 2012, in accordance with the agreement, defendant pled no contest to all counts and admitted the prior conviction allegations. The trial court sentenced defendant to a total of four years in prison. The trial court struck the prior conviction alleged under the Three

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

Strikes law and sentenced defendant to the high term of three years as to count 1, plus a one-year term for the prior prison term. The court also imposed a concurrent term as to count 3, and also as to count 2, which was stayed pursuant to section 654. The trial court then suspended execution of the sentence and placed defendant on formal probation for a period of three years on specified terms and conditions, including the condition that he not unlawfully possess any controlled substance. Defendant did not appeal from this judgment.

The following month while in custody on another matter, defendant's probation was revoked and then reinstated on the same terms and conditions. Defendant's probation was again revoked and reinstated several times between August 2012 and June 2013. On October 7, 2013, a formal probation violation hearing was held.

**Los Angeles Superior Court Case No. LA071619 (LA071619)**

In August 2012 defendant was charged with one count of petty theft in violation of section 484, subdivision (a), with prior theft convictions and a prior serious or violent felony conviction, within the meaning of section 666, subdivision (b). The information also alleged a prior strike and a prior prison term enhancement. Defendant entered into a plea agreement in which the strike allegation would be dismissed and defendant would receive a suspended two-year prison term and probation. On October 10, 2012, the trial court sentenced defendant in accordance with the agreement. The conditions of probation included one year in jail, staying out of CVS drug stores, and obeying all laws, rules, and orders of the court. Defendant did not appeal from this judgment.

Thereafter, defendant's probation was revoked, and after several continuances, a formal probation violation hearing was held October 7, 2013.

**Probation violation hearing**

At the October 2013 probation violation hearing for both LA069643 and LA071619, the evidence showed that defendant was detained by police at a CVS drug store on May 31, 2013, while in possession of methamphetamine.

Defendant's probation was revoked and his sentence imposed in both cases. In LA069643, the four-year prison sentence was imposed, with a total of 509 days of

3

custody credit. In LA071619, defendant's two-year prison sentence was imposed, with a total of 625 days of custody credit.

Defendant filed a notice of appeal from the trial court's orders in both cases.

## DISCUSSION

### I. Challenge to LA069643

In his notice of appeal, defendant did "not contest the underlying validity of the plea and conviction[s]" and defendant makes no assignment of error regarding the probation violation orders. Instead, defendant expressly "challenges the validity of the separate felony petty theft convictions" charged under section 666, subdivisions (a) and (b), in LA069643. Defendant claims his conviction in count 1 was unauthorized because it alleged the same petty theft charged in count 2.[2]

Respondent takes the position that defendant's challenge to LA069643 is untimely and that it is not appealable without a certificate of probable cause. We agree that the challenge is untimely. Revocation of probation is an appealable order. (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625.) However, judgment in LA069643 was entered in 2012, when the trial court imposed and suspended the four-year sentence following defendant's plea of no contest. (*People v. Scott* (2014) 58 Cal.4th 1415, 1423-1424.) As defendant did not take an appeal from that judgment, it became final long before the October 2013 probation revocation hearing. (See *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1048; Cal. Rules of Court, rule 8.308(a).) And because the 2012 judgment in LA069643 is final, defendant may not now raise errors in this appeal which should have been raised in a timely appeal from the judgment in 2012. (See *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1417, 1420-1421 (*Ramirez*).)

Defendant counters that the 2012 judgment in LA069643 was void. A judgment entered by a court which lacks fundamental jurisdiction is void and thus subject to direct

---

[2]   Before this appeal was fully briefed, an appellate court held that a conviction under both subdivision (a) and subdivision (b) of section 666 for the same theft amounted to prohibited multiple conviction, and reversed one of the counts. (*People v. Rader* (2014) 228 Cal.App.4th 184, 188-192, 200-201.)

or collateral attack at any time, and no certificate of probable cause is required. (*Ramirez, supra*, 159 Cal.App.4th at pp. 1422, 1428.)  By contrast, when a court has fundamental jurisdiction to act but acts in excess of jurisdiction, its actions are merely voidable and subject to forfeiture if not timely asserted.  (*Ibid.*)  Such a judgment "'is valid until it is set aside, and a party may be precluded from setting it aside by "principles of estoppel, disfavor of collateral attack or res judicata." [Citation.]'  [Citation.]" (*Id*. at p. 1422.)

Defendant compares the judgment in LA069643 with the void judgments in *People v. Vasilyan* (2009) 174 Cal.App.4th 443 (*Vasilyan*), and *People v. Wallace* (2003) 109 Cal.App.4th 1699 (*Wallace*), where those defendants had pled no contest to a violation of section 422.7.  In both cases, the appellate courts held that because section 422.7 is solely a penalty enhancement provision for hate crimes and specifies no substantive offense, the defendants were convicted of nonexistent crimes, making the judgments void.  (*Vasilyan, supra*, at pp. 451, 454; *Wallace, supra*, at pp. 1702-1704.)  In such a case there is no subject matter jurisdiction.  (*Vasilyan*, at p. 451.)  Citing *People v. Bouzas* (1991) 53 Cal.3d 467, 479, defendant points out that section 666 is also a penalty enhancement provision, and concludes that his conviction is also void.

Although section 666 establishes an elevated penalty for petty theft, it is not merely a sentence enhancement.  (*People v. Murphy* (2001) 25 Cal.4th 136, 155-156; see *People v. Tardy* (2003) 112 Cal.App.4th 783, 787 & fn. 2.)  The *Wallace* court noted the difference between section 422.7 and section 666 when it observed that section 666 is attached to the specified substantive offense of petty theft.  (See *Wallace, supra*, 109 Cal.App.4th at p. 1703, citing *People v. Bouzas*, *supra*, 53 Cal.3d at p. 479.)  Indeed, section 666 requires a "current conviction of petty theft."  (*People v. Bean* (1989) 213 Cal.App.3d 639, 644, italics omitted.)  Thus, as the observation in *Wallace* suggests, there is no comparison to be drawn between section 422.7 and section 666, and defendant's attempt to apply the reasoning of *Wallace* and *Vasilyan* to section 666 fails.

If defendant had been convicted of a nonexistent crime, the proper remedy would be to void the entire judgment and plea bargain and place defendant in the same position

5

he was in prior to his plea. (See *Vasilyan, supra*, 174 Cal.App.4th at p. 448; *Wallace, supra*, 109 Cal.App.4th at p. 1704; *People v. Bean, supra*, 213 Cal.App.3d at p. 646.) However, defendant does not seek that remedy and rather contends that just one of the two counts of section 666 should be reversed as void. Therefore, his complaint is that his conviction of both counts 1 and 2 violated the rule prohibiting multiple convictions of the same criminal statute for the same conduct. (See *People v. Nor Woods* (1951) 37 Cal.2d 584, 586-587 [two theft convictions for same conduct prohibited]; *People v. Rader, supra*, 228 Cal.App.4th at pp. 188-192; see generally, *People v. Correa* (2012) 54 Cal.4th 331, 338-340.)

Although unwarranted in some cases, multiple convictions are generally permitted by statute. (See § 954.) Statutory authorization confers subject matter jurisdiction, and an erroneous application of the authorizing statute results in an excess of jurisdiction. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) It follows that an unwarranted multiple conviction would be an excess of jurisdiction, not a lack of fundamental jurisdiction. Defendant cites no authority permitting a challenge to unwarranted bargained for multiple convictions, long after the judgment has become final. Defendant cites *People v. Shabtay* (2006) 138 Cal.App.4th 1184, 1191-1192, which held that a defendant could challenge a prohibited multiple conviction for the first time on appeal, but this begs the question whether that appeal can be heard years after entry of the judgment on a plea of no contest. As we have concluded that any error at the time of defendant's plea in 2012 was at most an excess of the trial court's jurisdiction, not a lack of subject matter jurisdiction, the answer to that question must be no. (See *Ramirez, supra*, 159 Cal.App.4th at pp.1422, 1428.)

Nevertheless, as respondent observes, even a timely appeal would not be cognizable absent a certificate of probable cause. A certificate of probable cause is required to challenge alleged multiple convictions pursuant to plea bargain. (*People v. Jones* (1995) 33 Cal.App.4th 1087, 1089; see also *People v. Rushing* (2008) 168 Cal.App.4th 354, 362 [challenge based upon the similar concept of double jeopardy

6

forfeited by failure to obtain a certificate of probable cause].)  Defendant has no certificate of probable cause.

Further, defendant received the benefit of his bargain, a suspended four-year prison sentence in lieu of a possible sentence of up to seven years four months.  A defendant who has received the benefit of his bargain "should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]"  (*People v. Hester* (2000) 22 Cal.4th 290, 295.)  Such a defendant may be subject to estoppel even if he had been convicted after a conditional plea to a nonexistent crime.  (See *People v. Miller* (2012)  202 Cal.App.4th 1450, 1452-1453 [agreement to felony conviction although offense was misdemeanor].)

We conclude that defendant's challenge to the 2012 judgment in LA069643 is untimely, and as defendant has not asserted error in the current order revoking probation, we affirm the order.

## II.  Errors in the abstract of judgment

### A.  LA069643

Defendant asks that all mention of section 290 be stricken from the abstract of judgment, as there is no reference to section 290 in the oral judgments of the sentencing court.  The trial court's oral pronouncements control over any discrepancies in the abstract, and clerical errors should be corrected when brought to the court's attention. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Defendant was convicted in count 2 of section 666, subdivision (b), petty theft with a prior violent or serious felony conviction or "strike."  Subdivision (b) may also apply to any person required to register pursuant to the Sex Offender Registration Act. The abstract of judgment describes the crime in count 2 as "Prior petty theft 290/strike," and under section 4 of the abstract, which provides boxes to be checked to indicate whether the defendant was sentenced to county jail or to prison, the only box checked is the box indicating "PC 290."

Although the Sex Offender Registration Act appears in section 290 et seq., section 666 subdivision (b) does not expressly refer to section 290.  Thus the term, "Prior petty

theft 290/strike," appears to be the clerk's own shorthand for the provisions of section 666 subdivision (b). Neither the oral pronouncement nor any other proceeding in the record indicates that defendant was ever required to register as a sex offender. Thus, the clerk's notation contains surplusage that incorrectly describes the oral pronouncement of sentence. In addition, the box checked in section 4 incorrectly indicates that defendant was sent to prison due to his status under section 290.

Respondent agrees that the incorrect box was checked in section 4, but contends that the notation, "Prior petty theft 290/strike," accurately describes the crime committed by defendant. We disagree. Respondent relies on *People v. Evanson* (1968) 265 Cal.App.2d 698, which fails to support her reasoning. In that case, the abstract of judgment correctly noted that defendant had been convicted under a statute that prohibited both possession of marijuana for sale and simple possession of marijuana; but the appellate court ordered modification after finding that the abstract contained a clerical error reciting that the conviction was for the greater offense instead of the lesser. (*Id*. at pp. 699-700.) We construe the cited authority as holding that when a statute contains alternate offenses, or in this case, alternate findings to determine applicability of the subdivision, the abstract of judgment should accurately reflect which alternative was found by the trial court. We thus reject respondent's contention and order modification of the abstract by eliminating all mention of section 290.

Defendant also contends that section 1 of the abstract fails to indicate that the sentences imposed in counts 2 and 3 were both stayed. Respondent agrees only that the sentence in count 2 was stayed under section 654 and that the abstract should be corrected to reflect the stay. At sentencing the trial court stated: "Count 2 and 3 will be concurrent. Count 2 is stayed pursuant to Penal Code section 654." The court did not stay count 3. Therefore only as to count 2 should the abstract be corrected.

Defendant also notes that section 15 erroneously states that execution of sentence was imposed at the initial sentencing hearing. The check should be in the box before "after revocation of probation" as execution was initially suspended. Respondent agrees that this was clerical error and should be corrected.

8

*B.  LA071619*

Both parties agree that defendant's date of birth in the caption of the abstract of judgment should read "05-10-1942" instead of "05-10-1972"; and that section 13 should reflect that execution of sentence was imposed at the probation revocation hearing instead of the initial sentencing hearing.  The information lists defendant's date of birth as May 10, 1942, and when defendant was initially sentenced on October 10, 2012, the trial court suspended execution after noting for the record that he was 70 years old.  We accordingly order the corrections.

**DISPOSITION**

The orders revoking probation and imposing previously suspended sentences are affirmed.  The superior court is ordered to correct the abstract of judgment in LA069643, as follows:  by indicating in section 1 that the sentence as to count 2 was stayed under section 654; by deleting the references to "290" in sections 1 and 4; by checking the box before "current or prior serious or violent felony" in section 4; and by checking the box in section 15 that execution of sentence was imposed after revocation of probation, instead of  the initial sentencing hearing.  The superior court is ordered to correct the abstract of judgment in LA071619 as follows:  by changing defendant's date of birth in the caption to "05-10-1942"; and by checking the box in section 13 to reflect that execution of sentence was imposed at the probation revocation hearing.  The superior court is directed to prepare amended abstracts of judgment reflecting the corrections, and to forward certified copies to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:

_____, P. J.
BOREN

_____, J.
HOFFSTADT

9