Filed 1/30/15  P. v. Abla CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN JAMES ABLA,<br><br>        Defendant and Appellant. | A141273<br><br>(Lake County<br>  Super. Ct. No. CR930597) |

Defendant Benjamin James Abla appeals from a judgment after entering a plea of no contest to felony obstruction of an executive officer in the performance of his duties (Pen. Code. § 69[1]) and misdemeanor battery of a peace officer (§ 243, subd. (b)), and admitting he suffered two separate prior prison terms within the meaning of section 667.5, subdivision (b).  Pursuant to a negotiated agreement, he was sentenced to an aggregate term of six years, comprised of consecutive terms of three years for the felony offense, one year for the misdemeanor offense, and one year for each prior prison term enhancement.

In this appeal defendant raises one issue.  He contends the consecutive one-year term imposed on the misdemeanor offense violates his rights to equal protection under the federal and state constitutions.  The Attorney General has moved to dismiss the appeal on the ground that defendant failed, as required by law, to secure a certificate of probable cause prior to filing his appeal.  Defendant opposes dismissal of the appeal on

---

[1]        All further unspecified statutory references are to the Penal Code.

various grounds. Having reviewed the parties' submissions, we agree with the Attorney General that defendant's failure to secure a certificate of probable cause requires that we dismiss the appeal. In doing so, we express no opinion on the merits of the sentencing issue raised in defendant's appeal.

## FACTUAL AND PROCEDUAL BACKGROUND[2]

The charges filed against defendant arose from an incident on September 21, 2012. On that date, Lake County Sheriff's Deputy Mauricio Barreto attempted to arrest defendant on an outstanding warrant issued in Mendocino County. When the deputy initially confronted him, defendant gave a false name and appeared nervous and under the influence of a controlled substance. Defendant lifted his shirt and attempted to remove a knife. The deputy saw both the knife and a silver baton attached to defendant's belt, and ordered him to put his hands up. Defendant ran and the deputy gave chase. The deputy was able to grab defendant's shirt, but defendant threw his right elbow back hitting the deputy in the eye and causing him to momentarily stop. The deputy fired his taser at defendant and ultimately restrained him. During a search of defendant, the deputy removed an eight-inch knife and a homemade weapon that had an attached 2.5-inch ice pick. Defendant was arrested and at a correctional facility he tested positive for methamphetamine.

The Lake County District Attorney filed an information charging defendant with the felony offenses of obstruction of an executive officer in the performance of his duties (§ 69) (count one), carrying a concealed dirk or dagger (§ 21310) (counts two, three, four), battery with infliction of injury on a peace officer (§ 243, subd. (c)(2)) (count five), and the misdemeanor offenses of battery of a peace officer (§ 243, subd. (b)) (count six), resistance and obstruction of a peace officer in the performance of his duties (§ 148, subd. (a)(1)) (count seven), and being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)) (count eight). The information also alleged that

---

[2]     Because defendant waived a preliminary examination, the factual circumstances are taken from the probation department report.

2

defendant had suffered two separate prior prison terms within the meaning of section 667.5, subdivision (b).

Although he initially pleaded not guilty, defendant decided to withdraw his plea and plead no contest to felony obstruction of an executive officer in performance of his duties (count one), and misdemeanor battery of a peace officer (count six), and admit the truth of the sentence enhancement allegations. Before the change of plea proceeding, he signed a plea form setting forth the terms of the negotiated plea and the rights he would waive as a condition of the plea. Specifically, the executed plea form indicated that defendant understood that by his plea and admission, his potential aggregate maximum sentence would be six years; and the facts of the remaining dismissed counts could be considered by the court to determine sentence. Defendant also understood that the court would actually sentence him to probation for three years with the condition that he attend a residential drug rehabilitation program for two years. If he failed to complete the rehabilitation program, then the court would sentence him to an agreed six-year aggregate sentence with all terms to run consecutively, and "any VOP will constitute [sic] the sentence to be immediately imposed." Defendant also acknowledged that he was changing his plea to take advantage of the plea agreement and understood that his attorney would stipulate to a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595.

At the change of plea proceeding, the trial court discussed the plea agreement with defendant in open court. In its colloquy with defendant regarding the sentence reflected in that agreement, the court stated: "My understanding is that there's an agreement that you would be placed upon formal supervised probation for a period of three years and that there may be many terms and conditions of that probation but one of those terms and conditions will be that you . . . are in residential rehabilitation for a period of two years. That's two[-]thirds of the probationary period. [¶] The Defendant: Yes, sir. [¶] The Court: Okay. And another aspect of the bargain, as I understand it, is that you will be sentenced to a term of six years. And that's a combination of the charges that you're . . . pleading to and the two prior prison terms. That's the maximum punishment for this combination of

3

prison terms and charges. And that will be the sentence. That sentence will be suspended and you'll be placed on probation. What that means is if you successfully complete probation, you won't receive the six-year sentence. [¶] The Defendant: Okay. [¶] The Court: If, however, you do violate probation, then the sentence has already been imposed. It's six years. [¶] The Defendant: All right. [¶] The Court: It's already been made. [¶] The Defendant: Yeah. [¶] The Court: Entered. [¶] The Defendant: I understand. [¶] The Court: And you would then do the six-year term."

At the sentencing hearing held on December 10, 2012, the trial court suspended imposition of sentence on counts one and six and the sentence enhancements. Defendant was placed on formal probation for three years subject to several conditions including that he enroll and successfully complete a two-year residential drug treatment program. The court granted the prosecutor's request and dismissed counts two, three, four, five, seven, and eight, in the interest of justice and pursuant to the negotiated disposition. Approximately, one year later, the trial court accepted defendant's admission to violating terms of his probation including failing to participate in the two-year residential drug treatment program.

At the resentencing hearing on February 10, 2014, the trial court indicated it had read and considered the probation department's reports, one initially submitted for the December 2012, hearing, and a supplemental one filed on February 10, 2014. The trial court also considered a letter written by defendant and heard arguments from both counsel and defendant. In pronouncing defendant's sentence, the trial court stated its reasons for its sentencing choices. The court denied defendant's request to be reinstated to probation. Instead, the trial court imposed the agreed maximum term of six years consisting of the upper term of three years on the felony offense and consecutive terms of one year on the misdemeanor offense and one year on each of the two sentence enhancements. In further explaining the basis for its sentence, the court noted a consecutive term on the misdemeanor offense was warranted because the plea agreement's six-year aggregate term could not otherwise be imposed and the felony and misdemeanor offenses involved "different objectives." Defendant filed a timely Judicial

4

Council form notice of appeal and request for a certificate of probable cause. However, he failed to secure a certificate of probable cause.

## DISCUSSION

In his opening brief, defendant raises one sentencing issue. He contends the trial court's sentence denied him the benefit of the limitation on sentencing for consecutive terms applicable to defendants who are convicted of multiple felony offenses (§ 1170.1, subd. (a) [3]), in violation of his equal protection rights under the federal and state constitutions. On this point, defendant's argument is as follows. Because he pleaded no contest to misdemeanor battery, as charged in count six, the court imposed a full one-year term to be served consecutively to the term imposed for felony obstruction of an executive officer in the performance of his duties. However, if he had pleaded no contest to the felony version of battery, as charged in count five, the court would have been limited to imposing a consecutive term of eight months (one-third of the middle term of two years) (§ 243, subd. (c)(2)). Thus defendant contends his equal protection rights have been violated because there is no compelling state interest allowing felons a limitation on the terms of imprisonment but denying the same limitation to misdemeanants convicted of the same or lesser offenses. Defendant asks us to remand the matter and direct the trial court to impose a consecutive eight-month term on the misdemeanor offense. However, as we now discuss, we cannot consider defendant's appellate arguments and must dismiss the appeal for his failure to secure a certificate of probable cause.

As a general matter, "[a] defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere,' unless he has obtained a certificate of probable cause. (§ 1237.5, subd. (b); see *People v. Buttram* (2003) 30 Cal.4th 773, 790 [134 Cal.Rptr.2d 571, 69 P.3d 420] (*Buttram*) [§ 1237.5's purpose is 'to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted'].) Exempt from this certificate requirement are postplea claims,

---

[3]   Section 1170.1, subdivision (a), limits consecutive terms for more than one felony to one-third of the middle determinate term for each subordinate felony offense.

5

including sentencing issues, that do not challenge the validity of the plea. For example, 'when the claim on appeal is merely that the trial court abused the discretion the parties intended it to exercise, there is, in substance, no attack on a sentence that was part of [the] plea bargain.' [Citation.] Instead, the appellate challenge is one contemplated and reserved, by the agreement itself.' (*Buttram, supra*, 30 Cal.4th at p. 786.)" (*People v. Cuevas* (2008) 44 Cal.4th 374, 379 (*Cuevas*).) In *People v. Ward* (1967) 66 Cal.2d 571 (*Ward*), our Supreme Court explained the rationale for the exemption for sentencing issues as follows: "In spite of the fact that section 1237.5 refers generally to an appeal 'from a judgment of conviction upon a plea of guilty' it seems clear that the section was intended to apply only to a situation in which a defendant claims that his plea of guilty was invalid." (*Id*. at p. 574.) "There is no justification, however, for applying the section to the altogether distinct procedures followed where a defendant asserts that errors occurred in the hearing held, *after* his plea was entered, on the degree of the crime and the penalty to be imposed." (*Id*. at p. 575.) Nevertheless, in *People v. Johnson* (2009) 47 Cal.4th 668 (*Johnson*), our Supreme Court further clarified the exemption to the certificate requirement recognized in *Ward* does not apply and a certificate is required "if the defendant's challenge concerned "an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement. (See, e.g., [*Cuevas, supra*, 44 Cal.4th at p.] 377 [79 Cal.Rptr.3d 303, 187 P.3d 30] [certificate required for claim that the sentence imposed, which defendant was advised was the maximum possible sentence for the remaining charges after additional charges were dismissed pursuant to a plea agreement, violates the multiple punishment prohibition of section 654]; *People v. Shelton* (2006) 37 Cal.4th 759, 763 [37 Cal.Rptr.3d 354, 125 P.3d 290] [(*Shelton*)] [certificate required for claim that the sentence imposed, whose length equaled the agreed-upon 'lid,' violates the multiple punishment prohibition of section 654]; *People v. Panizzon* (1996) 13 Cal.4th 68, 73 [51 Cal.Rptr.2d 851, 913 P.2d 1061] [(*Panizzon*)] [certificate required for claim that imposition of sentence to which defendant agreed pursuant to plea agreement constituted cruel and unusual punishment].)" (*Johnson, supra*, at p. 678.)

Here, despite defendant's argument to the contrary, his challenge to his sentence does not fall within the rationale for the exemption to the certificate requirement recognized in *Ward*. Instead, his appellate challenge is to an aspect of his sentence (an agreed six-year term), which was an integral part of the plea agreement. (*Cuevas, supra*, 44 Cal.4th at p. 377.) Because the validity of this aspect of the sentence was "not in contention at the sentencing hearing," it "cannot [now] be challenged without undermining the plea agreement itself." (*Johnson, supra*, 47 Cal.4th at p. 678.)

We also reject defendant's argument that no certificate of probable cause is necessary because his plea agreement established a sentence "lid," permitting him to argue for a lesser sentence in the trial court and again on appeal. "[T]he presence or absence of a sentence lid does not dictate the result here. For purposes of the certificate of probable cause requirement, . . . the question is whether defendant 'seeks only to raise [an] issue[] reserved by the plea agreement, and as to which he did not expressly waive the right to appeal.' (*Buttram, supra*, 30 Cal.4th at p. 787; see *Shelton, supra*, 37 Cal.4th at p. 769; *Panizzon, supra*, 13 Cal.4th at p. 78, fn. 8.)" (*Cuevas, supra*, 44 Cal.4th at p. 381.) In this case defendant's plea agreement "did not reserve such a postplea challenge because the maximum possible sentence [he] faced was 'part and parcel of the plea agreement he negotiated with the People.' (*Panizzon, supra*, 13 Cal.4th at p. 78.)" (*Cuevas, supra*, 44 Cal.4th at p. 381.)

" ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' (*Panizzon, supra*, 13 Cal.4th at p. 80; see *People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569] ['defendants who have received the benefit of their bargain shall not be allowed to trifle with the courts by attempting to better the bargain through the appellate process'].)" (*Cuevas, supra*, 44 Cal.4th at p. 383.) The record here establishes that defendant's no contest plea was entered in exchange for specified benefits, including the dismissal of other counts, and an agreed maximum punishment if he failed at probation. If defendant's equal protection argument was found meritorious

7

on appeal, the agreed maximum sentence of six years could not be imposed on remand. Thus, defendant's " 'attack on the legality of his maximum sentence is an effort to unilaterally improve, and thus alter, the terms of that which was agreed and thus should not be permitted without a certificate of probable cause.' " (*Id.*, quoting *People v. Young* (2000) 77 Cal.App.4th 827, 833, following *Panizzon* and affirmed in *Shelton*.)

Defendant also suggests that we should consider his appeal without a certificate of probable cause because any reduction in his sentence by a few months will not frustrate the prosecution's intent to seek the maximum legally available punishment. However, in entering into the plea agreement the prosecution agreed to dismiss several felony and misdemeanor counts and defendant agreed to a maximum aggregate punishment of six years if he failed at probation. "This is sufficient consideration to enforce the plea bargain and require a certificate of probable cause before defendant disturbs the maximum term to which he agreed." (*People v. Rushing* (2008) 168 Cal.App.4th 354, 362.)

Lastly, we see no merit to defendant's argument that no certificate of probable cause is required because his sentence is not authorized by law and is therefore subject to judicial correction whenever the error comes to the attention of the trial court or the reviewing court. (See *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1186 [the principle that defendant's unauthorized-sentence claim is cognizable on appeal despite no objection in the trial court "cannot be employed to sidestep the additional hurdle of section 1237.5, which is triggered by entry of a guilty or no contest plea"].) In support of his argument, defendant asks us to consider two decisions by our colleagues in Division One (*People v. Corban* (2006) 138 Cal.App.4th 1111 (*Corban*)) and Division Four (*People v. Loera* (1984) 159 Cal.App.3d 992 (*Loera*)). We find those cases inapposite. In *Corbin*, the appellate court was not concerned, as we are here, with a challenge to the trial court's authority to impose an agreed maximum sentence as an integral part of a plea agreement. Corbin's challenge was to certain collateral consequences of the imposition of a sentence enhancement. (138 Cal.App.4th at p. 1115.) Significantly, if Corbin's challenge was successful, there would have been no change in the length of his sentence.

8

(*Ibid*.) In *Loera*, the appellate court's decision that a certificate of probable cause was not required tracked our Supreme Court's decision in *Ward, supra,* 66 Cal.2d 571, 574, and *People v. Pinon* (1979) 96 Cal.App.3d 904, 910, which followed *Ward*. (*Loera, supra*, 159 Cal.App.3d at p. 998.) As we have noted, however, *Ward*'s rationale for allowing an exemption to the certificate requirement for a sentencing issue does not apply in this case. (*Johnson, supra*, 47 Cal.4th at p. 678.)

In sum, we conclude defendant's constitutional argument to "the negotiated maximum sentence imposed as part of the plea bargain . . . is challenging the validity of his plea itself," and therefore requires "a certificate of probable cause, which [he] failed to secure." (*Cuevas, supra*, 44 Cal.4th at p. 384.) Accordingly, we must dismiss his appeal and we express no opinion on his appellate argument. [4]

## DISPOSITION

The appeal is dismissed.

Jenkins, J.

We concur:
McGuiness, P. J.
Siggins, J.

---

[4] Defendant argues his failure to secure a certificate of probable cause was not his fault. He asserts he filed a timely form request for a certificate of probable cause attached to his notice of appeal but the superior court failed to either grant or deny the request. However, we cannot deem his form request to be a sufficient certificate constructively issued by the superior court, as he suggests. Our Supreme Court has held that the requirements of section 1237.5 must be strictly construed, as defendant concedes, and therefore we cannot excuse his failure to secure a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099, 1104; see *Panizzon, supra*, 13 Cal.4th at p. 89, fn. 15 ["the purposes behind section 1237.5 will remain vital only if appellate courts insist on compliance with its procedures"].) We also deny defendant's alternative request "to grant time for an amendment to the Notice of Appeal and Request for Certificate to be filed with the superior court." We express no opinion on the nature of any relief to which defendant may be entitled in the superior court or how the superior court should rule on any request.