[No. E030693. Fourth Dist., Div. Two. July 28, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON LEE CORYELL et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

\* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of a portion of Facts and Procedural History, as noted, and parts I, II. E., F., and III.

COUNSEL

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant Jason Lee Coryell.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant Telesforo Joseph Darden.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Elizabeth A. Hartwig and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WARD, J.**—Defendants and appellants Jason Lee Coryell and Telesforo Joseph Darden appeal after they were convicted of numerous assault, attempted murder, weapons discharge, and other crimes, arising out of a series of gang-related episodes. Defendant Coryell contends his convictions should be reversed because he was deprived of the constitutional right to a representative jury, and because the evidence is insufficient to sustain the charges. We reject these contentions and affirm the judgment as to defendant Coryell.

Defendant Darden raises claims of insufficient evidence, instructional error, improper dual conviction, and other matters. We agree with defendant Darden that he could not be convicted both of carjacking and of unlawful taking and driving a vehicle, and that his sentence for assault should be stayed under Penal Code section 654.

Finally, we also agree with the People's assertion that the trial court's failure to impose a mandatory parole revocation fine under Penal Code section 1202.45 was an unauthorized sentence requiring correction.

### FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

On April 12, 2000, Omar Garcia and his girlfriend, 16-year-old Iman O., drove to a liquor store in Lake Elsinore. Iman remained in Garcia's car while Garcia used a pay telephone. While Iman was waiting, another car pulled up and parked in the store parking lot. Four young men got out. Three of the men went into the store. The fourth, defendant Darden, approached Garcia at the telephone kiosk. Darden asked Garcia where he was from (i.e., his gang affiliation).

---

*See footnote, *ante,* page 1299.

He pushed Garcia's shoulder and punched him in the face. Garcia tried to get away as Darden pulled out a knife and tried to stab him.

Garcia ran away; Darden gave chase. Fearing that either she or Garcia would be hurt, Iman fled from Garcia's car. Darden, having chased Garcia away, returned to Garcia's car. Iman had left the car with the keys in the ignition. Darden got in, started the car, and drove away.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

## ANALYSIS

### I.  Defendant Coryell's Appeal*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II.  Defendant Darden's Appeal

Defendant Darden makes several attacks upon his conviction for carjacking, including sufficiency of the evidence, various instructional errors, deprivation of due process, and alleged cumulative error. He also argues he was improperly convicted of both carjacking and vehicle theft. He further contends he was improperly sentenced.

### A.  Substantial Evidence Supports the Carjacking Conviction

Carjacking, in violation of Penal Code section 215, subdivision (a), is defined as "the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear."

Defendant Darden argues that the evidence failed to establish the element that Garcia's car was taken "from the person or immediate presence of a victim," because neither Garcia nor his girlfriend, Iman O., were in the car when he drove it away.

Defendant Darden contends that the evidence did not show a carjacking as to Garcia, because "Garcia had run down the street to a point over a block

---

*See footnote, *ante,* page 1299.

away and was nowhere near his vehicle when it was taken.... Therefore, he was neither in possession of the car at the time, nor was it in his 'immediate presence ....' " The argument proves too much: Of course Garcia was no longer near the car—Darden's knife wielding was sufficient to drive him away from it. Darden accosted Garcia near the car, made a gang challenge, grabbed him, punched him, and threatened him with a knife. The force and fear accomplished the taking from Garcia.

As to Iman O., defendant Darden argues the car could not have been taken from her, because she abandoned the car before he took it. He further contends that Iman cannot have been in possession of the car, for purposes of the carjacking statute. We disagree.

Iman also witnessed the vicious attack on Garcia. She immediately feared for her safety, as well as that of Garcia. Defendant Darden's violence was sufficient to frighten Iman into fleeing from the car, leaving Darden in possession of the field, as it were. Darden entered the car and drove away.

As the court instructed in *People v. O'Neil*,[21] "[s]ection 215 'does not require that the victim be inside or touching the vehicle at the time of the taking.' " Iman in fact *was* inside the vehicle when she witnessed defendant Darden beat Garcia, threaten him with a knife, and chase him away. Iman reasonably feared for her own safety; defendant's acts directly caused her to abandon the vehicle. Darden promptly took the car.

Carjacking is not necessarily "confined to those cases where the perpetrator uses force or fear 'in order to gain possession of the vehicle.' "[22] Nonetheless, the evidence here reasonably shows that defendant Darden did use force or fear to gain possession of the vehicle, by frightening both Garcia and Iman away.

We also reject defendant Darden's suggestion that Iman was not in "possession" of the vehicle for purposes of the carjacking statute. More particularly, he analogizes to robbery cases, in which it has been held, for example, that a visitor to a business could not be the victim of a robbery of the goods of that business, because the business visitor was not in actual or constructive possession of the property taken from the business.[23] The analogy to the robbery cases is inapt. The customer of a business who happens to be on the premises when the perpetrator robs the business of its

---

[21]*People v. O'Neil* (1997) 56 Cal.App.4th 1126, 1131 [66 Cal.Rptr.2d 72], quoting *People v. Medina* (1995) 39 Cal.App.4th 643, 650 [46 Cal.Rptr.2d 112].

[22] *People v. O'Neil, supra*, 56 Cal.App.4th 1126, 1132.

[23] Citing *People v. Nguyen* (2000) 24 Cal.4th 756, 763–764 [102 Cal.Rptr.2d 548, 14 P.3d 221].

goods has no right to the business's goods. ■ The passenger in an automobile, however, is in some measure in "possession" of the vehicle. Indeed, he or she is physically inside the "goods" in question. The passenger does have a right to be present, and, if left in the car alone by the owner, has ostensible control over it, at least to a limited extent.

The California Supreme Court cases also caution us not to follow in lockstep with the interpretation of the robbery and larceny statutes when interpreting the carjacking statute.[24] In *People v. Hill*,[25] for example, the court noted that, " '[i]n the usual case of carjacking involving multiple occupants, all are subjected to a threat of violence, all are exposed to the high level of risk which concerned the Legislature, and all are compelled to surrender their places in the vehicle and suffer a loss of transportation. All are properly deemed victims of the carjacking.' " Given the purpose of the statute and the legislative intent, we see no reason to conclude that Iman, as a passenger, was not in sufficient possession of the vehicle to be a victim of the carjacking.

■ The evidence was sufficient to support the carjacking conviction.

## B. *There Was No Instructional Error*

Defendant Darden urges that the instruction on carjacking (CALJIC No. 9.46) was erroneous because it was "overly broad." He further contends that the trial court was required to instruct, sua sponte, with CALJIC Nos. 1.24 (on "possession") and 17.01 (unanimity instruction).

## 1. *CALJIC No. 9.46*

Defendant Darden complains that the carjacking instruction was "overly broad" because it included in the definition of "immediate presence," an area within the victim's "observation." He claims that the instructional language could permit the jury to find a defendant guilty if the car owner "merely sees" the perpetrator take the car, and that the instruction omits any "further requirement of reasonable ability to exercise control over the vehicle."

The area included within the concept of "observation" is not so broad as defendant suggests. First, the instruction clearly provides that the area is that

---

[24] See *People v. Ortega* (1998) 19 Cal.4th 686, 693 [80 Cal.Rptr.2d 489, 968 P.2d 48], in which the California Supreme Court found that "neither carjacking nor theft is a necessarily included offense of the other, because it is possible to commit either offense without committing the other".

[25] *People v. Hill* (2000) 23 Cal.4th 853, 859, [98 Cal.Rptr.2d 254, 3 P.3d 898].

from which the victim "could, if not overcome by violence or prevented by fear, retain possession of the subject property."

Second, both Garcia and Iman had remained within an area in which they had control, and not merely observation, of the vehicle. Garcia had testified that the telephone he was using was approximately five feet away from his car. Iman remained in the car while Garcia used the telephone, and when defendant Darden initiated his attack on Garcia.

Third, the required element of force and fear obviates the concern that a defendant could be found guilty of the offense merely by watching the defendant drive the vehicle away. Here, defendant Darden punched Garcia and threatened him with a knife. Iman witnessed this attack and threat. Darden's violent acts manifested sufficient force and fear to overcome Garcia's and Iman's ability to maintain control of the vehicle. Darden accomplished the taking by means of force and fear.

Defendant Darden further argues that any instructional error must have been prejudicial in light of the jury's asserted "struggle" to reach a verdict. He notes that the jury "[took] a long time and sen[t] out several questions. Deliberations took almost two whole days and ... [a]t one point the jury reported it was 'hopelessly deadlocked' on two counts [and] [i]t wondered if it could 'compromise.' "

The prejudice argument is not well taken. As the People point out, none of the jury's concerns related to the carjacking count. The jury sent out seven notes. The first asked for the prosecutor's "count chart" used in closing argument. The court denied the request, as the chart was not in evidence. The second and fourth notes addressed scheduling matters. The third note asked to view the video tape of the truck backfiring. In the fifth note, the foreperson reported that the jury was deadlocked as to two of the counts. The foreperson told the court that the jury was deadlocked on counts 1, 2 and 5, none of which was the carjacking count. The sixth request related to the attempted murder counts, and the seventh asked if "compromise [is] part of the deliberation process," to which the court responded with an emphatic, "NO!" None of the jury's questions related to, or showed that the jury had any difficulty with, the carjacking count. Defendant Darden has failed to demonstrate any reasonable probability that the jury would have reached a different verdict in the absence of the alleged error.[26]

---

[26] *People v. Stankewitz* (1990) 51 Cal.3d 72, 94, [270 Cal.Rptr. 817, 793 P.2d 23].

### 2. *CALJIC No. 1.24*

Defendant Darden next complains that the trial court should have instructed with CALJIC No. 1.24, concerning actual and constructive possession.[27] He argues that the jury might have misunderstood the word "possession," as used in CALJIC No. 9.46. We disagree.

CALJIC No. 1.24 normally applies to contraband cases; the term "possession," for purposes of establishing criminal culpability for possessing an item, "has a specialized meaning"[28] in that context. Here, no "specialized meaning," with a resultant criminal culpability for possessing a contraband item, was implicated. The ordinary, familiar meaning of the word "possession" applied here.

The jury could not have failed to understand that Garcia was the driver/owner of the vehicle, and that Iman was the passenger/occupant of the vehicle. ▮ "Possession," in its ordinary sense, means to own or occupy property.[29] Garcia still owned the vehicle as he parked it and stood five feet away at a telephone kiosk. Iman still occupied the vehicle until Darden's violent acts caused her to flee. Neither victim relinquished the property voluntarily.

A trial court " 'has no sua sponte duty to give amplifying or clarifying instructions ... where the terms used in the instructions given are "commonly understood by those familiar with the English language." [Citation.]' [Citation.]"[30] The words of the statute, and the defining instructions, were here used in their ordinary sense. There was no error in failing to instruct in the language of CALJIC No. 1.24.

---

[27] CALJIC No. 1.24 states:
"There are two kinds of possession: actual possession and constructive possession.
"Actual possession requires that a person knowingly exercise direct physical control over a thing.
"Constructive possession does not require actual possession but does require that a person knowingly exercise control over or the right to control a thing, either directly or through another person or persons.
"One person may have possession alone, or two or more persons together may share actual or constructive possession."

[28] *PSC Geothermal Services Co. v. Superior Court* (1994) 25 Cal.App.4th 1697, 1703 [31 Cal.Rptr.2d 213].

[29] See, e.g., Webster's Ninth New Collegiate Dictionary (1991) page 918, defining "possess" as "to have and hold as property: OWN," or to "enter into and control firmly," and defining "possession" as "control or occupancy of property without regard to ownership."

[30] *People v. Richie* (1994) 28 Cal.App.4th 1347, 1360 [34 Cal.Rptr.2d 200].

### 3. CALJIC No. 17.01

Defendant Darden next contends that the trial court should have given a unanimity instruction in connection with the carjacking count because there were two potential victims, Garcia and Iman. No unanimity instruction was required.

█ A unanimity instruction is required when a defendant commits more than one act which might constitute the charged crime. "Thus, if the evidence shows more than one instance of the charged crime— 'two or more discrete criminal events'—a unanimity instruction is required."[31]

Here, of course, there was only one discrete carjacking offense. If the evidence shows only one instance of the charged crime, no unanimity instruction need be given.[32]

### C. Due Process Was Not Implicated by the Pleading and Proof of the Carjacking Count

Defendant Darden maintains that he was denied due process of law because the "victim" alleged in the carjacking count was not the same "victim" as argued to the jury by the prosecutor. The contention is without merit.

Count 9 accused defendant Darden of the crime of carjacking, "in that on or about April 12, 2000, in the County of Riverside, State of California, he did willfully and unlawfully and by means of force and fear take a motor vehicle from the person, possession, and immediate presence of'another, to wit: OMAR GARCIA, with the intent to deprive such other person of possession of the motor vehicle."

Both Garcia and Iman testified to the events constituting the carjacking. Darden accosted Garcia, made a gang challenge, grabbed his arm and punched him in the face. Darden then brandished a knife, threatening Garcia. Garcia, understandably alarmed, tried to get away; Darden, knife in hand, chased him down the block. Iman gave a very similar account, and told how, fearing both for Garcia and for herself, she fled from the automobile, which Darden then took.

The evidence was sufficient to demonstrate that both Garcia and Iman were victims of the carjacking. The prosecutor argued that both Garcia and Iman

---

[31] *People v. Strong* (1994) 30 Cal.App.4th 366, 374, footnote 6 [35 Cal.Rptr.2d 494], citing *People v. Perez* (1993) 21 Cal.App.4th 214, 223 [26 Cal.Rptr.2d 691].

[32] *People v. Perez, supra,* 21 Cal.App.4th 214, 223.

were victims of the carjacking. Darden did not object, but directed his arguments to both Garcia and Iman as victims of the carjacking. The thrust of Darden' s defense was that he had taken the car from Garcia as an "afterthought," though he acknowledged that, "[b]ased upon the evidence that you heard, *you could find the carjacking*." (Italics added.) He addressed a separate, brief, argument to Iman, stating, "Now, it also indicated that it could be a carjacking taken from the presence—the immediate presence of the passenger. Well, it's up to you to determine. Ms. [O.] being in another car somewhere in the parking lot is from her immediate [presence]. You come to your own conclusions about that, and I'm going to move on."

There was no due process violation. The information alleged one count of carjacking, naming Garcia as the victim. Defendant Darden was well apprised of the evidence against him on that count, consisting of the evidence of Garcia, Iman, and witness Bruce Yost. All the accounts were consistent with one another.

"[T]he due process guarantees of the state and federal Constitutions require that a criminal defendant receive notice of the charges adequate to give a meaningful opportunity to defend against them."[33] Defendant here was given more than adequate notice of the charge, and the facts underlying the charge.

There also was no "substitution," as defendant Darden claims, of one victim for another. Rather, the evidence showed that there was potentially an additional victim of the single crime charged. That evidence did not negate any proof of the offense as to the named victim, Omar Garcia.

Indeed, given the uncontradicted nature of the evidence, in the consistent accounts given by all the witnesses, if defendant Darden was guilty at all (the only question was, as defense counsel indicated, whether Darden formed the intent to steal the car as an "afterthought"), he was equally guilty as to each potential victim. Inasmuch as he was charged with, and convicted of, only a single count, he has no cause to complain simply because, as the evidence showed, there were two victims, rather than only one, of his criminal acts. As the People urge, "due process is satisfied," when "[t]here was no question which of defendant's acts was the basis for [the charge]."[34]

---

[33] *People v. Seaton* (2001) 26 Cal.4th 598, 640 [110 Cal.Rptr.2d 441, 28 P.3d 175].

[34] *People v. Griggs* (1989) 216 Cal.App.3d 734, 743 [265 Cal.Rptr. 53] (naming of the particular victim is not an element of assault with a deadly weapon, and the absence of a named victim is not a denial of due process).

### D. *No Cumulative Error*

Defendant Darden urges that his carjacking conviction must be reversed because of "cumulative error." We have found no error, and thus no cumulative error. Reversal is not required.

E., F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. DEFENDANTS' SENTENCES WERE UNLAWFUL FOR FAILURE TO INCLUDE A PAROLE REVOCATION FINE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

As to defendant Coryell, none of the assignments of error on appeal has merit. The judgment is affirmed in its entirety. The abstract of judgment as to defendant Coryell must be modified, however, to reflect imposition of a parole revocation fine of $10,000, pursuant to Penal Code section 1202.45. A copy of the amended abstract shall be forwarded to the Department of Corrections.

As to defendant Darden, the conviction under count 10, of vehicle theft in violation of Vehicle Code section 10851, must be reversed, with directions to dismiss that charge, together with any appurtenant enhancements. The matter must be remanded for resentencing in light of the reversal as to count 10. Upon resentencing, the court should stay the imposition of sentence as to count 11, assault with a deadly weapon, pursuant to Penal Code section 654. In addition, the court shall impose a parole revocation fine, in accordance with Penal Code section 1202.45, equal to the restitution fine imposed under Penal Code section 1202.4.

McKinster, Acting P. J., and Gaut, J., concurred.

The petition of appellant Telesforo Joseph Darden for review by the Supreme Court was denied October 22, 2003. Brown, J., did not participate therein.

---

*See footnote, *ante*, page 1299.