Filed 5/10/16  P. v. Orozco CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261297 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA079671) |
| v. | |
| CARLOS OROZCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan Schneider, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

After the passage of Proposition 47, "The Safe Neighborhoods and Schools Act," defendant and appellant Carlos Orozco pleaded no contest to "violation of Penal Code section 666.5,"[1] based on his unlawful driving of a vehicle in violation of Vehicle Code section 10851. Proposition 47 enacted section 490.2, which provides that the theft of property valued at $950 or less shall be punished as a misdemeanor unless a defendant has suffered a disqualifying conviction. Because it was undisputed that the value of the truck Orozco illegally drove was less than $950, Orozco sought at the plea hearing to have his conviction designated as a misdemeanor pursuant to section 490.2. The People objected that because Orozco had driven, not stolen, the truck, he had not committed a theft offense and was therefore ineligible to have his crime treated as a misdemeanor. The trial court agreed. Orozco appeals, contending that under Proposition 47, all violations of Vehicle Code section 10851 are misdemeanors if the property value does not exceed $950. We come to the opposite conclusion, and hold that Proposition 47 does not apply to violations of Vehicle Code section 10851. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Juan Lanaverde owned a 1986 Toyota truck. On an unspecified date in October 2014, he parked the truck with the keys inside while he briefly stopped to purchase some items. When he returned five minutes later, the truck was gone. On October 29, 2014, he observed appellant Orozco driving the truck in a gas station parking lot.

As a result of the foregoing, on October 31, 2014, Orozco was charged with two counts: (1) "unlawful driving or taking of a vehicle with a prior, in violation of Penal Code section 666.5, a Felony;" and (2) "receiving stolen property, motor vehicle with prior, in violation of Penal Code section 666.5, a Felony." The information also alleged that Orozco had suffered prior convictions of Vehicle Code section 10851, subdivision (a) in 2012 and 2014.

On November 4, 2014, the electorate enacted Proposition 47, which went into effect the following day. (Cal. Const., art II, § 10, subd. (a); *People v. Diaz* (2015)

---

[1] All further undesignated statutory references are to the Penal Code.

2

238 Cal.App.4th 1323, 1327-1328; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 amended and enacted various provisions of the Penal and Health and Safety Codes to reduce certain drug and theft offenses to misdemeanors, unless committed by ineligible defendants. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; *People v. Diaz, supra,* at pp. 1327-1328.) As pertinent here, Proposition 47 added section 490.2, which provides that "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)" is petty theft and shall be punished as a misdemeanor.

On November 24, 2014, pursuant to a negotiated disposition, Orozco completed a plea form that listed his offense as section "666.5," without further elaboration.[2] At the plea proceeding, Orozco pleaded no contest "[t]o the charge of violation of Penal Code section 666.5."

The court and parties then turned to consideration of whether Orozco's underlying offense, violation of Vehicle Code section 10851, fell within the parameters of section 490.2. The prosecutor acknowledged that the People could not prove the value of the truck was over $950; defense counsel argued that pursuant to newly enacted section 490.2, the offense should therefore be designated a misdemeanor. The trial court opined that the offense did not necessarily fall within section 490.2's parameters because it could be violated by unlawfully driving, as opposed to taking, a vehicle. Defense counsel suggested that if the court intended to make a factual finding in order to rule on the application of Proposition 47, it should take testimony on the question. The court agreed that the testimony of the victim, who was present in the courtroom, would be helpful in enabling it to determine whether there was a factual basis for the plea and whether the offense was a felony or a misdemeanor.[3]

---

**2**    We take judicial notice of plea form and materials in the trial court file. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

**3**    When taking a conditional plea of guilty or no contest to a felony, a trial court is required by section 1192.5 to determine that a factual basis for the plea exists. (*People v. Holmes* (2004) 32 Cal.4th 432, 435; *People v. Willard* (2007) 154 Cal.App.4th 1329,

The victim testified as follows. In October 2014 he parked his 1986 Toyota truck, with the key inside, while he briefly shopped. When he returned five minutes later, the truck was gone. He had not given anyone permission to drive the vehicle. On October 29, 2014 he was at a gas station at the corner of Roscoe and Laurel Canyon Boulevards. He saw Orozco slowly driving the truck in the gas station parking lot for approximately 35 feet. Orozco then stopped the truck and he and his passenger exited.

The trial court put over sentencing so it could further research the application of section 490.2. At a subsequent hearing, it implicitly ruled that because the evidence showed Orozco only drove, rather than stole, the truck, section 490.2 did not apply. It sentenced Orozco to the low term of two years pursuant to section 1170, subdivision (h)(5)(B), with 364 days of actual custody and 366 days of supervised release. It imposed a restitution fine, a stayed probation revocation restitution fine, a court operations assessment, a criminal conviction assessment, and a crime prevention fine and penalty assessment. Pursuant to the plea negotiation, the court dismissed count 2.

On December 17, 2014, the trial court issued a certificate of probable cause on the question of whether Orozco was entitled to have the charge designated a misdemeanor pursuant to Proposition 47. Orozco filed his notice of appeal the same day.

---

1333-1334.) This requirement is generally satisfied by defense counsel's stipulation to a document such as a police report, a complaint, a written plea agreement, a probation report, or a preliminary hearing transcript, or by the court's examination of the defendant. (*People v. Holmes, supra,* at pp. 436, 442; *People v. French* (2008) 43 Cal.4th 36, 50-51.) Here, defense counsel declined to stipulate to a factual basis. Orozco does not challenge the trial court's finding that there was a factual basis for the plea, and we express no opinion on whether the victim's testimony at the plea hearing was an appropriate basis for the court's finding.

DISCUSSION

1. *Validity of the plea*

Section 666.5 imposes a greater base term for repeated violations of Vehicle Code section 10851.[4] (*People v. Demara* (1995) 41 Cal.App.4th 448, 452; *People v. Garcia* (2003) 107 Cal.App.4th 1159, 1165-1166; *People v. Carter* (1996) 48 Cal.App.4th 1536, 1538.)  It does not define a substantive offense.  (*People v. Young* (1991) 234 Cal.App.3d 111, 113-115.)  We asked the parties to provide supplemental briefing on the question of whether Orozco's plea to violation of section 666.5 was valid.  The People acknowledge that they erred by charging Orozco with violation of section 666.5 rather than Vehicle Code section 10851, and the trial court erred when it asked Orozco for a plea to section 666.5.  However, they aver that because the information provided adequate notice of the underlying crime, and there is no question Orozco knew he was actually pleading to violation of Vehicle Code section 10851, the plea is valid nonetheless.  Orozco avers that he is out of custody, is not challenging the validity of his plea, and has no interest in vacating his plea agreement.  He urges that this court adopt the People's arguments.

We conclude the plea was valid.  Due process requires that a criminal defendant receive notice of the charges against him.  (*People v. Coryell* (2003) 110 Cal.App.4th 1299, 1308; *People v. Tardy* (2003) 112 Cal.App.4th 783, 786; *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1438.)  Due process is satisfied when there is no question which of

---

**4**     Section 666.5 provides in pertinent part:  "(a) Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code, or felony grand theft involving an automobile in violation of subdivision (d) of Section 487 or former subdivision (3) of Section 487, as that section read prior to being amended by Section 4 of Chapter 1125 of the Statutes of 1993, or felony grand theft involving a motor vehicle, as defined in Section 415 of the Vehicle Code, any trailer, as defined in Section 630 of the Vehicle Code, any special construction equipment, as defined in Section 565 of the Vehicle Code, or any vessel, as defined in Section 21 of the Harbors and Navigation Code in violation of former Section 487h, or a felony violation of Section 496d regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment."

5

the defendant's acts was the basis for the charge. (*People v. Coryell, supra,* at p. 1308.) An accusatory pleading need not specify by number the code section under which a defendant is charged. (*People v. Thomas* (1987) 43 Cal.3d 818, 826; *People v. Gerber* (2011) 196 Cal.App.4th 368, 388.) Under section 952, a charging document is sufficient if it "contains in substance, a statement that the accused has committed some public offense therein specified."[5] Even a reference to an incorrect code section may be immaterial; a "reference to an incorrect penal statute can be overcome by factual allegations adequate to inform the defendant of the crime charged." (*People v. Haskin, supra,* at p. 1439; see *People v. Thomas, supra,* at p. 826; *People v. Schueren* (1973) 10 Cal.3d 553, 558; *People v. Gerber, supra,* at p. 388.) Furthermore, section 960 provides that "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." (§ 960; *People v. Thomas, supra,* at p. 826.)

The information here provided Orozco with adequate notice that he was charged with violating Vehicle Code section 10851, with prior felony convictions for the same offense. It charged that Orozco had committed the felony offense of "unlawful driving or taking of a vehicle with a prior" in violation of section 666.5; it also stated that Orozco committed the offense by "unlawfully driv[ing] and tak[ing] a certain vehicle, to wit, 1986 Toyota Truck, then and there the personal property of Juan Lanada Verde, without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle." This language plainly informed Orozco

---

[5] Section 952 provides: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another."

6

that he was being charged with violating Vehicle Code section 10851, unlawfully driving or taking a vehicle. The omission of a reference to Vehicle Code section 10851 was immaterial.

We further conclude that on the facts of this case, the plea encompassed Vehicle Code section 10851. *People v. Wallace* (2003) 109 Cal.App.4th 1699 is instructive. There the defendant purported to plead nolo contendere to violation of section 422.7, a hate crime statute that elevated misdemeanors to felonies when a crime caused physical injury and was committed for the purpose of intimidating or interfering with the victim's civil rights. (*People v. Wallace, supra,* at p. 1701.) *Wallace* concluded that because section 422.7 was a penalty provision, not a substantive offense, the plea was a "legal nullity." (*People v. Wallace, supra,* at pp. 1701-1703, 1704.) The court reversed the judgment, explaining it "[could not] affirm a conviction and sentence imposed for a crime that does not exist, notwithstanding the defendant's consent." (*Id.* at p. 1704.) Significant to our analysis here, it distinguished section 422.7 from section 666, commonly denominated "petty theft with a prior." *Wallace* explained: "Aside from the fact that the California Supreme Court has described section 666 as a 'sentence-enhancing statute' (*People v. Bouzas* (1991) 53 Cal.3d 467, 479), that section identifies the substantive offense--i.e., petty theft--that shall be treated as a felony under the circumstances provided in the statute. Section 422.7, by contrast, does not specify any substantive offense, but rather merely provides for increased punishment of a wide range of substantive offenses." (*Wallace, supra,* at p. 1703.)

In *People v. Vasilyan* (2009) 174 Cal.App.4th 443, a divided appellate panel followed *Wallace* to find that a defendant's plea to section 422.7, entered years earlier, was void. (*People v. Vasilyan, supra,* at p. 446.) The majority reasoned that "there must be a substantive crime and a punishment for that crime in order to constitute a criminal offense," and "when there is no crime under the Penal Code, there is no subject matter jurisdiction." (*Id.* at pp. 449-450, 453.) Because the act with which Vasilyan was charged was not a crime, it did not matter whether he had, in fact, committed assault and

7

battery; a "person cannot be convicted of a crime that does not exist." (*Id.* at pp. 450, 452.)

*Wallace* and *Vasilyan* are distinguishable from the instant matter because section 422.7, the statute at issue in those cases, is distinguishable from section 666.5. Like section 666,[6] section 666.5 requires commission of a current substantive offense. (See *People v. Young, supra,* 234 Cal.App.3d at p. 114 [the language of § 666.5, subd. (a), "closely parallels" that of section 666].) Section 666 provides that a person who has been convicted of various theft-related crimes, and "who is subsequently convicted of petty theft," is punishable as a felon or a misdemeanant. (§ 666, subd. (a).) Similarly, section 666.5 provides that a person who has been previously convicted of a felony violation of various theft-related statutes, and "is subsequently convicted of *any of these offenses* shall be punished" as a felon. (§ 666.5, subd. (a), italics added.) Thus, although section 666.5 is a penalty provision, it is expressly attached to enumerated substantive offenses and does not apply absent a current conviction of one of those offenses.[7] A no contest plea admits every element of the offense charged, as well as all allegations and factors comprising the charge contained in the pleading. (*People v. Palacios* (1997)

---

[6] Section 666, like section 666.5, does not define a substantive offense, but is a sentencing provision. (*People v. Bouzas, supra,* 53 Cal.3d at pp. 478-479; *People v. Rader* (2014) 228 Cal.App.4th 184, 191; *People v. Robinson* (2004) 122 Cal.App.4th 275, 281.) Formerly, section 666 required only a single prior theft-related conviction for the current petty theft offense to qualify as a felony. (*People v. Diaz, supra,* 238 Cal.App.4th at p. 1327, fn. 2.) Proposition 47 amended section 666 so that "[f]or most persons, the crime of petty theft with a prior . . . is eliminated." (*People v. Diaz, supra,* at p. 1330.) As amended, section 666 applies only when the defendant served a term of imprisonment for the prior theft-related conviction, and is either required to register as a sex offender or has a prior conviction for one of several enumerated offenses. (*People v. Diaz, supra,* at p. 1330.)

[7] Sections 666 and 666.5 differ in that under section 666, the current substantive crime is always petty theft, whereas under section 666.5, the current substantive crime may be one of several listed offenses. Therefore, when section 666.5 is at issue, the charging document and the plea should specify the substantive offense being charged or pleaded to. We express no opinion on the proper procedure when section 666 is at issue.

56 Cal.App.4th 252, 257-258; *Sanchez v. Superior Court* (2002) 102 Cal.App.4th 1266, 1269; *People v. Caceres* (1997) 52 Cal.App.4th 106, 109, fn. 4.)  Therefore, when Orozco pleaded no contest to violating section 666.5, he necessarily pleaded to one of the substantive offenses listed in the statute; unlike in *Wallace* and *Vasilyan*, he did not plead to a non-crime.  Given the language of the information and the fact there was and is no dispute that the offense at issue was violation of Vehicle Code section 10851, the plea was valid.

2. *Applicability of section 490.2 to Vehicle Code section 10851*

We turn, then, to the issue Orozco initially raised: whether his crime of unlawfully driving the stolen truck must be categorized as a misdemeanor under Proposition 47.[8]  We conclude that section 490.2 does not apply to violations of Vehicle Code section 10851, whether of the theft or the joyriding variety.

a. *Proposition 47 and section 490.2*

As noted, Proposition 47 amended and enacted various provisions of the Penal and Health and Safety Codes to reduce certain drug and theft offenses to misdemeanors, unless committed by ineligible defendants.  (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222; *People v. Diaz, supra,* 238 Cal.App.4th at pp. 1327-1328; *People v. Shabazz, supra,* 237 Cal.App.4th at p. 308.)  When an eligible defendant is convicted, after Proposition 47's effective date, of one of the offenses defined by Proposition 47 as a misdemeanor, he or she may only be convicted of a misdemeanor.  (*People v. Shabazz, supra,* at p. 309.)  Proposition 47 also enacted section 1170.18, which creates a procedure whereby a defendant who has suffered a felony conviction of one of the reclassified crimes can petition to have it redesignated a misdemeanor.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)

One of the mechanisms by which Proposition 47 reduced theft crimes to misdemeanors was enactment of section 490.2.  It provides in pertinent part:

---

[8]     We assume for purposes of argument that there was a factual basis for the allegation Orozco unlawfully drove the truck, but not for the allegation that he stole it.

9

"Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2, subd. (a).)

        b. *Theft and Vehicle Code section 10851*

        Section 484 (which predates Proposition 47 and was not amended by it) defines theft. In relevant part it provides: "Every person who shall feloniously steal, *take,* carry, lead, or drive away the *personal property of another***,** or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, *is guilty of theft*." (§ 484, subd. (a), italics added.) An element of the crime of theft is the intent to permanently deprive the owner of the property. (*People v. Bacon* (2010) 50 Cal.4th 1082, 1117; *In re Jesus O.* (2007) 40 Cal.4th 859, 867; *People v. Avery* (2002) 27 Cal.4th 49, 52.)[9]

        Vehicle Code section 10851, subdivision (a), provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized

---

[9]    The intent to deprive an owner of the main value of his or her property is the equivalent of the intent to permanently deprive. (*People v. Avery, supra,* 27 Cal.4th at p. 57.)

taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."  Other subdivisions of the statute address, inter alia, the theft or unauthorized driving of specific types of vehicles and punishment for recidivists.  (Veh. Code, § 10851, subds. (b), (e).)

Vehicle Code section 10851 " 'proscribes a wide range of conduct.' " (*People v. Garza* (2005) 35 Cal.4th 866, 876 (*Garza*).)  There "are two ways of violating section 10851:  the defendant can either 'drive' or 'take' the vehicle." (*People v. Smith* (2013) 57 Cal.4th 232, 242.)  Thus, a "person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' " (*Garza, supra,* at p. 876.)  In *Garza,* our Supreme Court held, prior to Proposition 47's passage and in a different context, that "[u]nlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away.  For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction and may not also be convicted under section 496(a) of receiving the same vehicle as stolen property.  On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete (for convenience, we will refer to this as posttheft driving).  Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction and does not preclude a conviction under section 496(a) for receiving the same vehicle as stolen property." (*Id.* at p. 871.)

c. *Section 490.2 does not apply to Vehicle Code section 10851*

The question before us is whether section 490.2 ever applies to Vehicle Code section 10851, and, if so, whether it applies only to the "theft" version or also to the "joyriding/posttheft driving" version.  Our Supreme Court is currently considering whether Proposition 47 applies to Vehicle Code section 10851.  (*People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)  We recently held in

11

*People v. Solis* (2016) 245 Cal.App.4th 1099, that Vehicle Code section 10851 was not a qualifying offense for purposes of Proposition 47's resentencing provision, regardless of whether the conviction was for theft or joyriding. (*People v. Solis, supra,* at pp. 1103, 1104.) The same conclusion applies here.

When interpreting a voter initiative, our primary purpose is to ascertain and effectuate the voters' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796; *People v. Briceno* (2004) 34 Cal.4th 451, 459; *People v. Shabazz, supra,* 237 Cal.App.4th at p. 313.) We apply the same principles that govern statutory construction. Thus, we look first to the language of the statute, giving the words their ordinary meaning. (*People v. Park*, at p. 796; *People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) The plain meaning of the statutory language controls, unless it would lead to absurd results the electorate could not have intended. (*People v. Birkett* (1999) 21 Cal.4th 226, 231; *People v. Brown* (2014) 230 Cal.App.4th 1502, 1508-1509.) The statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*People v. Briceno*, at p. 459; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) When the statutory language is ambiguous, we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. (*People v. Superior Court (Pearson), supra,* at p. 571; *People v. Shabazz, supra,* at p. 313.) We review questions of statutory interpretation de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71; *People v. Sherow, supra,* 239 Cal.App.4th at p. 878.)

At first glance, it appears section 490.2, subdivision (a)'s language – "obtaining any property by theft" – applies when a defendant takes a vehicle worth $950 or less with the intent to permanently deprive the owner of possession. A vehicle is clearly personal property. Under section 484, taking the personal property of another with the intent to permanently deprive the owner of it is theft. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1183-1184; *In re Jesus O., supra,* 40 Cal.4th at p. 867.) Indeed, our Supreme Court has stated that a defendant convicted under Vehicle Code section 10851 of unlawfully taking a vehicle with the intent to permanently deprive the owner of

12

possession "has suffered a theft conviction." (*People v. Garza, supra,* 35 Cal.4th at p. 871.)

But several factors militate against the conclusion section 490.2 apples to Vehicle Code section 10851. Proposition 47 did not directly amend Vehicle Code section 10851, but left its provisions intact. Nor does section 490.2 mention Vehicle Code section 10851; in pertinent part, it expressly references only the grand theft statute, section 487. This omission is significant because, unlike statutes that simply prohibit theft, Vehicle Code section 10851 is much broader, applying to defendants who have committed not theft but joyriding ("posttheft driving"). Thus, section 490.2 *cannot* apply to all violations of Vehicle Code section 10851. Proposition 47's resentencing provision, section 1170.18, likewise fails to include Vehicle Code section 10851 as one of the enumerated offenses eligible for resentencing. Given the foregoing, application of Proposition 47 to Vehicle Code section 10851 is unclear at best.

Moreover, it is settled that a specific statute prevails over a general statute on the same subject. (*People v. Ahmed* (2011) 53 Cal.4th 156, 163; *People v. Betts* (2005) 34 Cal.4th 1039, 1058 [if general and specific statutes dealing with the same subject are inconsistent, the specific prevails over the general]; *Velasquez v. Superior Court* (2014) 227 Cal.App.4th 1471, 1475; Code Civ. Proc., § 1859.) Here, Vehicle Code section 10851 is the more specific statute. Subdivision (a) provides that violation of the statute is generally a "wobbler," that is, the offense may be punished alternatively as a felony or a misdemeanor.[10] (See *People v. Park, supra,* 56 Cal.4th at p. 789 & fn. 4; *People v. Solis,*

---

[10] Pursuant to section 17, a "felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (§ 17, subd. (a); *People v. Park, supra,* 56 Cal.4th at p. 789.) "There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness. Such crimes, commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine." (*People v. Park, supra,* at p. 789;

*supra,* 245 Cal.App.4th at p. 1117.) Vehicle Code section 10851, subdivision (b) makes the offense a felony and prescribes specific terms when a defendant takes or unlawfully drives specialized vehicles under certain circumstances, i.e., ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate. Subdivision (e) provides that recidivists are punishable as set forth in section 666.5. Section 666.5 specifies that a person who, having been previously convicted of a felony violation of Vehicle Code section 10851 or other statutes, and is "subsequently convicted of *any of these offenses*" shall be punished as a felon. (§ 666.5, subd. (a), italics added.) The plain language of section 666.5 thus requires that both the prior and the current crime must be felonies in order for section 666.5 to apply.

Section 490.2 conflicts with these provisions. Applying section 490.2 to Vehicle Code section 10851 would upset this careful scheme. If section 490.2 applied, theft of a vehicle would no longer be a "wobbler" if the vehicle's value did not exceed $950. A defendant who stole one of the vehicles enumerated in subdivision (b) of Vehicle Code section 10851, if valued at $950 or less, could be sentenced only as a misdemeanant, rather than to the two, three, or four year term specified.[11] And, a recidivist who stole a vehicle worth less than $950 could not be punished for his or her recidivism, since under section 666.5 both the current and prior crimes must be felonies.

Certainly, the electorate could have amended Vehicle Code section 10851 in this fashion had it chosen to do so. But the statutory language suggests otherwise. When the Legislature – or here, the voters –"intend[ ] for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or

---

*People v. Rivera, supra,* 233 Cal.App.4th at p. 1094; § 17, subd. (b).)

[11] We acknowledge it is unlikely, as a practical matter, that a police car, fire vehicle, or ambulance being used on an emergency call would ever fall beneath the $950 threshold. The same is not necessarily true in regard to a vehicle modified for a disabled person.

14

'notwithstanding other provisions of law.' [Citations.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 406-407.) Here, the electorate included such "notwithstanding" language in regard to section 487 and statutes defining grand theft, but not to Vehicle Code section 10851. Section 490.2 provides that "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft." Vehicle Code section 10851 does not define grand theft; it defines the offense of unlawfully driving or taking a vehicle. Had the electorate intended section 490.2 to apply to Vehicle Code section 10851, it could easily have drafted section 490.2 to read "notwithstanding Vehicle Code section 10851, Section 487, or any provision of law defining grand theft." That the provision approved by the voters did not include this or similar language suggests the statute was not intended to apply. " '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' [Citation.]" (*People v. Park, supra,* 56 Cal.4th at p. 796.)

Furthermore, the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature, or in this case the electorate, could not have intended. (*People v. Leiva* (2013) 56 Cal.4th 498, 506; *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131; *In re J. W.* (2002) 29 Cal.4th 200, 209-210; *People v. Toussain* (2015) 240 Cal.App.4th 974, 979; *In re Greg F., supra,* 55 Cal.4th at p. 410 [when interpreting a statute, "courts are obligated to 'adopt a common sense construction over one leading to mischief or absurdity' "].) Construing section 490.2 to apply to Vehicle Code section 10851 would lead to just such an absurd consequence. As noted, Vehicle Code section 10851 can be violated in two ways: taking a vehicle with the intent to *permanently* deprive the owner of possession; or driving the vehicle with the intent to *temporarily* deprive the owner of possession. (*Garza, supra,* 35 Cal.4th at p. 876 [a defendant can violate Veh. Code, § 10851, subd. (a) " 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)' "].) The former, but not the

15

latter, amounts to theft. As *Garza* explained, posttheft driving or joyriding is "*not a form of theft.*" (*Garza, supra,* at p. 871, italics added.) Thus, section 490.2 cannot apply to the "posttheft driving" method of violating Vehicle Code section 10851; a joyrider who is not the actual thief did not obtain the property by theft. Therefore, if section 490.2 applies to Vehicle Code section 10851, the result is that where the vehicle is worth $950 or less, the "theft" version of the crime becomes a misdemeanor, whereas the "joyriding" version remains a wobbler. So construed, the law would require that the defendant with the more culpable mental state (the intent to permanently deprive the owner of possession) be convicted of only a misdemeanor, while the defendant with the less culpable mental state (to temporarily deprive the owner of possession) could be convicted of a felony. In our view, this is an absurd result that the electorate did not intend. Nothing in the ballot pamphlet suggests the voters were especially concerned about the activities of posttheft drivers, as opposed to auto thieves; nothing suggests they thought a thief who steals a low-value vehicle should be treated as a mere petty criminal, while a defendant who did not steal, but drives, the exact same vehicle should be treated as a felon.

For the foregoing reasons, we conclude section 490.2 does not apply to Vehicle Code section 10851, and the trial court did not err by declining Orozco's request to designate his offense a misdemeanor.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

I concur:

EDMON, P. J.

16

LAVIN, J., Concurring:

I agree with the majority that a conviction under Vehicle Code section 10851 is not a qualifying offense under Proposition 47.  However, I disagree with the majority's view in this case that it is "absurd" to treat post-theft driving convictions more harshly than automobile theft convictions.  First, "[i]t is both the prerogative and the duty of the Legislature [or voters] to define degrees of culpability and punishment, and to distinguish between crimes in this regard."  (*People v. Turnage* (2012) 55 Cal.4th 62, 74.)  "Courts routinely decline to intrude upon the 'broad discretion' such policy judgments entail."  (*Ibid.*, quoting *People v. Ward* (2005) 36 Cal.4th 186, 217.)  Second, by punishing taking or driving a vehicle without the intent to deprive the owner of permanent title or possession, Vehicle Code section 10851 addresses dangers to the public.  For example, Vehicle Code section 10850 provides that the provisions of chapter 4, which includes Section 10851, "apply to vehicles upon the highways and elsewhere throughout the State."  In turn, Vehicle Code section 360 defines a highway as a "way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel."  Such dangers are not encompassed by standard theft statutes, which focus on particular victims—the owners of stolen personal property.


LAVIN, J.


1