Filed 11/18/25  P. v. Coryell CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084651 |
| v. | (Super.Ct.No. RIF091190) |
| JASON LEE CORYELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel B. Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

The trial court found defendant and appellant Jason Lee Coryell ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered one prior prison term (§ 667.5, subd. (b)) was imposed and stayed during his initial sentencing proceedings. On appeal, defendant argues the trial court erred in finding he was ineligible for a full resentencing hearing under section 1172.75 because his judgment includes a now-invalid prison prior and thus the court's order must be reversed.

We agree that defendant is entitled to sentencing relief under section 1172.75 for prior prison term enhancements which were imposed and stayed. After briefing in this case was completed, on June 26, 2025, the California Supreme Court in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius II*) resolved the question of whether section 1172.75 applies to prior prison terms which were imposed and stayed, and held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed."[2] We therefore reverse the trial court's December 2023 order and remand for the trial court to

---

[1] All future statutory references are to the Penal Code.

[2] See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius I*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted, Feb. 21, 2024, S283189 (*Christianson*), and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547.

recall defendant's sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

## II.

## PROCEDURAL BACKGROUND[3]

In July 2001, a jury found defendant guilty of second degree attempted murder on a peace officer (§§ 664, subd. (e)/187; count 1); assault with semi-automatic firearm on a peace officer (§ 245, subd. (d)(2); count 2); two counts of first degree attempted murder (§§ 664/187; counts 3 & 5); two counts of assault with semi-automatic firearm (§ 245, subd. (b); counts 4 & 6); shooting at a vehicle or dwelling (§ 246; count 7); and discharge of a firearm (§ 247, subd. (b); count 8). As to counts 1, 2, 3, and 5, the jury found true that defendant intentionally discharged a firearm (§ 12022.53, subd. (c)) and associated with a criminal street gang (§ 12022.53, subd. (e)). As to all counts, the jury found true that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that as to counts 4, 6 and 8, defendant personally used a firearm (§ 12022.5, subd. (a)). Defendant admitted that he had suffered one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to an aggregate term of 60 years in state prison, plus two life terms. The court imposed and stayed the one-year prior prison term.

On direct appeal, in a published opinion, we rejected defendant's contentions but agreed with the People's argument that the court erred by failing to impose a mandatory

---

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

3

parole revocation fine. We thus ordered the abstract of judgment be amended to reflect imposition of the fine and affirmed the judgment. (*People v. Coryell* (2003) 110 Cal.App.4th 1299.)

The Legislature subsequently amended the prior prison term enhancements to limit its application to certain enumerated violent sex offenses. The Legislature also enacted section 1172.75, to enable those serving time for now-invalid prison priors to be resentenced. In light of these changes, the California Department of Corrections and Rehabilitation (CDCR) identified defendant's case for possible resentencing.

The resentencing hearing occurred on December 21, 2023. The trial court found defendant ineligible for resentencing under section 1172.75 and denied defendant's request for a full resentencing hearing.[4] Defendant subsequently appealed.

III.

DISCUSSION

Defendant contends he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancement (§ 667.5, subd. (b)) was imposed and stayed or imposed and executed because his judgment includes a now-invalid prior prison term. Pursuant to the California Supreme Court's recent decision in *Rhodius II*, *supra*, 17 Cal.5th 1050, we agree with defendant that he is entitled to a full resentencing hearing pursuant to section 1172.75, subdivision (d).

---

[4] No proceedings were held on the record. Rather, the trial court incorporated by reference the section 1172.75 eligibility hearing held earlier that day in *People v. Chlad*, case No. BAF002073.

4

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Here, defendant's judgment included one stayed prison prior.

Hence, a defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).) To facilitate the process, the statute directs the CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (*Id*., subd. (b).) Upon receiving that information, the sentencing court must "review the judgment and verify that the current judgment includes a sentencing enhancement

5

described in subdivision (a)." (*Id*., subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid*.) The statute provides separate deadlines for identification, review, and resentencing of "individuals . . . currently serving a sentence based on the enhancement" and "all other individuals." (*Id.*, subds. (b)(1), (2), (c)(1), (2).)

Section 1172.75, subdivision (d), sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) The trial court must "apply the sentencing rules of the Judicial Council" as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that

circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

After analyzing our decision in *Rhodius I*, the legislative history of section 1172.75, and the meaning of the words "imposed" and "lesser," the Supreme Court concluded that section 1172.75, subdivision (a), "is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.' " (*Rhodius II*, *supra*, 17 Cal.5th at p. 1063.) The court explained that the statute refers to enhancements that are "imposed," not "imposed and executed," while recognizing that the word " 'impose' " is sometimes " 'employed as shorthand' " in sentencing laws to refer to the class of enhancements that are " 'imposed and *then* executed.' " (*Rhodius II*, at p. 1059, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*), italics in original.) The court determined whether the Legislature had used the term "impose" in this "shorthand" and examined *Gonzalez*, and found "[a]lthough *Gonzalez* explains that the meaning of the word 'imposed' may vary depending on context, its interpretation of the word as it appears in the statute there at issue holds no real lessons for understanding the meaning of 'imposed' as it appears in section 1172.75(a)—a provision with markedly different wording, structure, and purpose." (*Rhodius II*, at p. 1059.)

The Supreme Court rejected the Attorney General's central argument that "reading section 1172.75(a)'s reference to 'imposed' enhancements to mean enhancements that were imposed *and* executed is the only way to harmonize that provision with the statute's

7

instructions for resentencing in section 1172.75, subdivision (d)," specifically the reference to "this section shall result in a lesser sentence than the one originally imposed" in subdivision (d) of section 1172.75. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1060.)

The court explained: "Reading section 1172.75, subdivision (d)(1) in context, we are not persuaded that the reference to a 'lesser sentence' necessarily imports any assumptions about whether the section 667.5(b) enhancement was imposed *and* executed or simply imposed. The premise of the argument is that a 'lesser' sentence must mean a sentence that inevitably results in less time served than the original sentence—in other words, a *shorter* operative sentence, setting aside any component of the sentence that had been stayed. It is of course true, as the Attorney General emphasizes, that in the typical case involving an executed enhancement, to order a 'lesser' sentence will mean ordering a shorter one. But we see no obvious reason why a trial court cannot also comply with the instruction to order a 'lesser' sentence in a case in which a section 667.5(b) enhancement was stayed rather than executed.' " (*Rhodius II*, *supra*, 17 Cal.5th at p.1060.)

The court further elaborated: " 'The reference to a 'lesser' sentence is reasonably understood to mean, as a general matter, that courts must lessen the burdens of the sentence relative to 'the one originally imposed as a result of the elimination of the repealed enhancement' (§ 1172.75, subd. (d)(1))—in other words, the new sentence must eliminate the adverse effects flowing from the now-invalid section 667.5(b) enhancements. In the typical case in which a defendant who is serving a longer term of

8

imprisonment because of a repealed enhancement that was imposed and executed, to eliminate adverse effects of the section 667.5(b) enhancement will indeed mean imposing a shorter (unstayed) sentence relative to the enhanced one. But where the burdens of a section 667.5(b) sentence enhancement are different, what it means to impose a 'lesser' sentence may differ as well. As the Court of Appeal explained in *Christianson*, when a sentence is stayed, the trial court retains the ability to 'lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; see also, e.g., *Gonzalez*, *supra*, 43 Cal.4th at p. 1129, 77 [staying Pen. Code, § 12022.53 firearm enhancements made them '*readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal'].) We see no reason why subdivision (d)(1) of section 1172.75 cannot be read to allow for the possibility that, in a case involving stayed enhancements, a trial court may comply with the instruction to impose a 'lesser' sentence by ordering a sentence that affords such relief." (*Rhodius II*, *supra*, 17 Cal.5th at p. 1061.)

The Supreme Court summarized that the text of section 1172.75, subdivision (d)(1) does not show "the Legislature was concerned exclusively with the elimination of enhancements that had already been executed," and explained "other

9

features of the statute" point against that conclusion.  (*Rhodius II*, *supra*, 17 Cal.5th at p. 1061.)  These features include wording of section 1172.75, subdivision (a), specifically the word "any," which, the court found demonstrates the Legislature intended the law to have a "broad sweep."  (*Rhodius II*, at p. 1061.)  The court noted, " ' "read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " ' [Citations.]."  (*Ibid*.)  Other features the court noted were "the statute's structure and practical operation," the legislative history of the statute, and the purpose of the statute.  (*Ibid*.)

In sum, the Supreme Court concluded that section 1172.75, subdivision (a), applies "to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed.  If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a) renders the enhancement invalid.  And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein."  (*Rhodius II*, *supra*, 17 Cal.5th at p. 1068.)

Here, defendant's judgment includes a prior prison term that the sentencing court imposed but stayed punishment on before January 1, 2020.  The prior prison term was not for a sexually violent offense.  At the December 2023 section 1172.75 hearing, the resentencing court denied defendant's request for a full resentencing hearing.  Thus, pursuant to *Rhodius II*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.

10

## IV.

## DISPOSITION

The trial court's December 2023 order denying relief under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall defendant's sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


FIELDS
J.

11